MARY C. HOLDEN, Appellant, *v.* THE METROPOLITAN LIFE
INSURANCE COMPANY, Respondent.

(Submitted December 10, 1900; decided January 22, 1901.)

MOTION for reargument. (See 165 N. Y. 13.)

*John De Witt Peltz* for motion.

*Edgar T. Brackett* opposed.

MARTIN, J. On the trial, at the close of the testimony, the
court directed a verdict for the defendant. An appeal from
the judgment entered thereon was taken to the Appellate
Division where it was affirmed. The plaintiff then appealed
to this court. The appeal was argued at the October term,
and in November a decision was handed down unanimously
reversing the judgment. The defendant now moves for a
reargument upon the ground that the court has overlooked
questions which were decisive of the case and required an
affirmance. We find no sufficient ground to justify that claim.
None of the questions presented by counsel was overlooked.
While all were considered, we did not deem it necessary to
further discuss them in the opinion. The conclusion reached
was that the judgment should be reversed and a new trial
granted. This included a determination of every question
necessary to that result. While it seemed proper to specially
consider the statute relating to privileged communications in
view of its recent amendment, none of the other questions
seemed to require special discussion.

The claim of the respondent that the court was justified in
directing a verdict in its favor upon the ground that there was
a warranty contained in the policy that no brother of the
assured had died of consumption, and that a breach of that
warranty was conclusively established, cannot be sustained.
We are now of the opinion, as we were when this case was
previously decided, that under the proof the court was not
justified in holding as a matter of law that there was any such

breach of warranty, or that the defendant was entitled to the direction of a verdict upon that ground.

The motion should be denied, with ten dollars costs.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Motion denied.