**In re ASSOCIATED GAS & ELECTRIC CO.**

District Court, S. D. New York.

July 24, 1944.

744

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Mudge, Stern, Williams & Tucker, of New York City, (H. G. Pickering and John Wallis, both of New York City, of counsel), for petitioners.

Lewis M. Dabney, Jr., of New York City, special counsel for trustee.

GODDARD, District Judge.

Petition to review an order of Referee in Bankruptcy holding that certain documents and writings were privileged, but that the privilege had been waived.

In the course of an examination before the Referee in aid of an action brought by the Trustee of the debtor against the Chase National Bank of the City of New York several papers were produced under subpoena duces tecum from the files of the Trinway Corporation successor to Chase Harris Forbes Corporation and from the files of the then attorneys for Chase Harris Forbes Corporation. The papers related to Chase Harris Forbes Corporation participation in and knowledge of a proposed issuance in 1932 by the debtor Associated Gas and Electric Company of its 8% Eight year Gold bonds. The papers in question include two documents from the files of the Trinway Corporation which were received in 1932 by its predecessor, Chase Harris Forbes Corporation, from the latter's then attorneys, referred to as Exhibits Nos. 13 and 14 for identification; and four papers from the files of the attorneys consisting of communications between Chase Harris Forbes Corporation and their attorneys, and inter-office memoranda of the attorneys referred to as Exhibits Nos. 1, 2, 9 and 10 for identification.

The Trinway Corporation is not a party to the Trustee's action but asserts that the documents and writings are privileged communications between attorney and client. The Trustee concedes that they were privileged, but contends that the privilege has been waived for two reasons:

1. That the Trinway Corporation voluntarily submitted to the Trustee's counsel in 1941 a file of Chase Harris Forbes Corporation designated as "Associated Gas and Electric Company 8% Eight year Guaranteed Gold Bonds with warrants" including a section of the file marked "Counsel", which contained the two documents Trustee's Exhibits for identification Nos. 13 and 14.

2. Because in September, 1941 the President of the Trinway Corporation, pursuant to a subpoena duces tecum, produced in a hearing before a Special Master in reorganization proceedings Trustee's Exhibits No. 13 and 14 for identification, and the President of Trinway was called as a witness and identified the documents, and photostats were substituted for the originals which were marked as exhibits in that proceeding, Exhibit No. 14 being allowed in evidence without assertion of the claim of privilege or other objection.

■■■■ The effect of Trinway permitting the Trustee's counsel to inspect the Trustee's Exhibits Nos. 13 and 14 was quite limited; it was not a waiver of privilege within Section 354 of the New York Civil Practice Act. To constitute a waiver of privilege there must be an express waiver upon trial or examination of the client and such waiver, with certain exceptions not here applicable, must be in open court on the trial of the action or proceeding. Holden v. Metropolitan Life Insurance Co., 165 N.Y. 13, 58 N.E. 771, reargument denied 165 N.Y. 647, 59 N.E. 150. While the waiver must be in open court, it need not be expressed in writing nor in any particular form, but the intent to waive must be expressed either by word or act or omission to speak or act. Matter of Coleman, 111 N.Y. 220, 19 N.E. 71. In my opinion when Trinway produced Trustee's Exhibits Nos. 13 and 14 in the litigation before the Special Master and its President took the stand as a witness to identify them and without any objection allowed them or photostatic copies of them to be marked as exhibits in the proceeding, there was what amounted to an intentional waiver of the right to claim that the papers were privileged communications between attorney and client. The privilege is not divisible. The petitioners having waived as to some of the letters relating to a specific subject open the door to all the privileged correspondence between it and its attorney on that specific subject. Hunt v. Blackburn, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488; White v. Thacker, 5 Cir., 78 F. 862; Western Union Tel. Co. v. Baltimore & O. Tel. Co., C.C., 26 F. 55; Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, 2 Cir., 32 F.2d 195, cert. denied 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629; People ex rel. Brownell v. Higgins, 96 Misc. 485, 160 N.Y.S. 721.

■■■■ Once the confidential matter is voluntarily disclosed to the public, it is no

longer a secret and the privilege which might be claimed under the statute disappears. McKinney v. Grand St. P. P. & F. R. Co., 104 N.Y. 352, 10 N.E. 544; People v. Bloom, 193 N.Y. 1, 85 N.E. 824, 18 L.R.A., N.S., 898, 127 Am.St.Rep. 931, 15 Ann.Cas. 932; Schlotterer v. Brooklyn & N. Y. Ferry Co., 89 App.Div. 508, 85 N.Y.S. 847.

I think the Referee was right in holding that the privilege had been waived as to all the documents and papers in question.

The petition to review is overruled and the order of the Referee is affirmed. Settle order on notice.