See also D.C., 131 F.Supp. 363.

The CONNECTICUT MUTUAL LIFE INSURANCE COMPANY and others, Plaintiffs,

v.

Paul V. SHIELDS et al., Marshall Dancy and others, Defendants.

United States District Court
S. D. New York.
Aug. 5, 1955.

Davis, Polk, Wardwell, Sunderland, Kiendl, New York City, for plaintiffs Connecticut Mutual Life Ins. Co., Home Life Ins. Co. and Eastern Life Ins. Co. & Citizens Casualty Co. of N. Y.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants Shields & Co.

Watters & Donovan, New York City, for defendant Robert E. Schweser Co.

Horace E. Pascal, New York City, for defendant Robert E. Schweser Co.

Begley, Diamond, Begley, Schenectady, for defendants Parsons, Brinckerhoff, Hall and Macdonald.

Sincerbeaux & Shrewsbury, New York City, for plaintiff Greenwich Savings Bank.

Asbury S. Edmonds, New York City, for defendant Marshall Dancy.

DIMOCK, District Judge.

Defendants move, in separate motions, (1) pursuant to Rules 26 and 34, F.R.C. P., for an order directing defendant Lawrence to answer certain questions propounded to him on oral examination before trial and answer to which was withheld on the ground of alleged professional privilege and directing defendant Robert E. Schweser Co. or defendant Schweser as its president to produce the corporate income tax returns for the years 1950 and subsequent years reflecting receipt and disposal of payments made to the corporation by the Bellevue Bridge Commission and by Shields & Company in December 1950 in the aggregate of $19,908.66 and (2) pursuant to Rule 26, F.R.C.P., for an order that the oral deposition of defendant Waterbury be resumed and that further answers directed by the court shall be made by said defendant. Because it presents

no problems I shall consider the second motion first.

■ The motion for resumption of the deposition of defendant Waterbury is resisted only to this extent: while plaintiff asks that the date for resumption be set at June 16, 1955, defendant Waterbury asks that it be set sometime in the second week of August. Since June 16, 1955 is long past due to my delay in getting to the matter, and since defendant Waterbury must make extensive computations in order to comply with Judge Kaufman's order, dated March 30, 1955, D.C., 17 F.R.D. 273, I see no reason for refusing defendant Waterbury's request. Plaintiffs do not allege that they will be prejudiced by a delay to the second week in August. Accordingly plaintiffs' motion with respect to resumption of the examination of defendant Waterbury is granted with the modification that the examination will be resumed on August 8, 1955 at 11:00 A. M. unless counsel agree on some other time.

■ Now I come to plaintiffs' first motion. On the advice of counsel defendant Lawrence has refused to answer a large number of questions propounded on his oral examination. The ground for the refusal is that the questions relate to confidential communications between attorney and client. Plaintiff says first, that the matters to which the questions are addressed are not privileged and second, that if they are privileged, the privilege has been waived.

These consolidated actions are brought by holders of a large amount of Bellevue Bridge bonds against underwriters and others for rescission and damages on the grounds of misrepresentation in a circular issued by defendants in 1950 and in a connected traffic report delivered by defendants Parsons, Brinckerhoff, Hall & Macdonald in the same year. The bonds were issued to finance the construction of a bridge over the Missouri River at Bellevue, Nebraska.

■ The questions which defendant Lawrence has refused to answer deal with the relation of the Bellevue Bridge Commission, obligor, with its attorneys. Defendant Lawrence was and is a member of the Commission. Plaintiffs say that some of the attorneys were employed merely as negotiators or business agents and that, therefore, communications between the Commission and them are not privileged. Certainly matters committed to legal advisers are prima facie so committed for purposes to which the privilege attaches. See, 8 Wigmore on Evidence, 3rd Ed., § 2296. Plaintiffs apparently also believe that because the Commission was a public body no privilege may attach to communications between it and its counsel. Plaintiffs cite no cases in support of this position and do not pursue it in their brief. Defendant Lawrence cites cases in other jurisdictions which are in opposition to plaintiffs' position, holding, for example, that the fact that both attorney and client were public officials acting in their public capacities would not affect the question of privilege. Rowley v. Ferguson, Ohio App., 48 N.E.2d 243. The policy of the privilege seems to me to provide no ground for the distinction which plaintiffs suggest. See, 8 Wigmore on Evidence, 3rd Ed., § 2291. Finally plaintiffs say that "most of the questions objected to call for matters of general observation ascertained in conferences with others * * *." The mere fact that the questions call for matters of "general observation", which I read to mean matters knowledge about which is gained in some other way than by direct oral or written communication, is not enough to revoke the privilege. See, 8 Wigmore on Evidence, 3rd Ed., § 2306. However information acquired by Lawrence by direct communication or otherwise in conference with persons other than the Commission's counsel and persons who had also retained them in the same matter is not privileged for the simple reason that it is not confidential.

Thus one of the questions objected to involved matters which occurred at a conference attended by several clients of the attorneys and one Robert E. Schweser, a person who had no professional relationship with the attorneys present. The claim of privilege with respect to that conference is not supportable.

In another instance the witness was asked whether the subject matter covered by a certain letter was known to him in 1950. The letter was one written by the attorneys for the Bridge Commission to an outsider. Once there has been disclosure to an outsider, by the client or by the attorney with the client's authority, of the confidential communication it is no longer privileged. The question should have been answered.

Plaintiffs argue that even if the questions relate to privileged matter that privilege has been waived. This position is based upon the fact that plaintiffs have, during the course of inspection by them of certain documents pursuant to court order and stipulation, been permitted to see and copy many documents that are claimed to be privileged and are the basis of plaintiffs' contention, above, that some of the attorneys were retained as mere business agents. Only the client can waive this privilege and, to support a finding of waiver, there must be evidence that he intended to waive it. See, Section 354, N.Y. Civil Practice Act; Magida v. Continental Can Co., D.C.S.D.N.Y., 12 F.R.D. 74; In re Associated Gas & Electric Co., D.C.S.D.N.Y., 59 F.Supp. 743. Here there is no evidence that defendants intended to waive any privilege and no evidence even that their counsel so intended. One of their counsel, Mr. Gross, swears that any documents seen and copied by plaintiffs were permitted to be disclosed only by inadvertence. It appears that even before defendant Lawrence was sworn for his examination Mr. Gross, in defendants' behalf, stated on the record that such documents should never have been seen by plaintiffs and that defendants intended no waiver. I find that plaintiffs' acquisition of these documents was not under such circumstances as to constitute a waiver by defendant.

This branch of the first motion is, with the exception of questions about a conference attended by an "outsider", and about a letter written to an "outsider" mentioned above, denied.

Defendant Schweser asserts two grounds for refusal to produce the corporate income tax returns sought by plaintiffs. First, that the return is privileged, and second, that it is not relevant to the subject of the action.

It may be, as defendants say, that the majority of the courts have held that income tax returns are confidential information between the taxpayer and the Government, and that the production of any such returns may not be required in civil actions between private parties. The courts of this jurisdiction have held otherwise. In Judsen v. Buckley, D.C. S.D.N.Y., 3 F.R.Serv. 34, 42, case 6 p. 395, it was held that retained copies of income tax returns may be required to be produced pursuant to Rule 34, F.R.C. P. In The Sultana, D.C.W.D.N.Y., 77 F. Supp. 287, 288, it was held that under Admiralty Rule 32, 28 U.S.C. following § 723, which was and is, in material part, in substantially identical language with Rule 34, F.R.C.P., that where a taxpayer had not retained copies of his income tax returns he could be ordered to inspect the returns as filed and obtain and produce copies thereof.

Plaintiffs say that the returns are relevant because they contain matter concerning the details of receipts by defendant Schweser Company of monies from the proceeds of the subject bond issue. They say that they need this information to help show the inaccuracy of certain statements in the circular concerning expenses incurred by the bridge project. Defendants concede that there is no requirement that the return be admissible in evidence, and fail to refute

what appears to me to be a strong showing of relevance.

This branch of the first motion is granted.

Settle order on notice.