**W. R. GRACE & CO., and Woodward Chemicals Corporation, Plaintiffs,**

v.

**PULLMAN, INCORPORATED, Defendant.**

**FLUOR CORPORATION, and Fluor Engineers and Contractors, Inc., Plaintiffs,**

v.

**PULLMAN, INCORPORATED, Defendant.**

**Nos. CIV–75–0713–D and CIV–76–0332–D.**

United States District Court, W. D. Oklahoma.

Dec. 30, 1976.

George T. Mobille, Washington, D. C., William G. Paul, John J. Griffin, Jr., Harry A. Woods, Jr., Oklahoma City, Okl., for plaintiffs Grace and Woodward.

Douglas E. Olson, Roland N. Smoot, William E. Thomson, Jr., Robert M. Taylor, Jr., Robert B. Martin, Coe A. Bloomberg, Los Angeles, Cal., James D. Fellers, Burck Bailey, Oklahoma City, Okl., for plaintiffs Fluor.

Earl P. Willens, Los Angeles, Cal., Larry D. Ottaway, Elliott C. Fenton, Oklahoma City, Okl., Ned L. Conley, David Alan Rose, Arthur M. Dula, C. J. Donovan, C. W. Crady, Kurt S. Myers, Houston, Tex., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This case between two competitors in the business of constructing ammonia processing plants involves a dispute as to whether

a patented process owned by Defendant, United States Patent No. 3,441,393 (Patent), will be infringed by a process to be performed in an ammonia plant under construction by Plaintiffs in Woodward, Oklahoma (Woodward plant) for the W. R. Grace Company and its subsidiary, Woodward Chemical Company (Grace-Woodward). Issues in the case include an assertion that the Patent is invalid for various reasons to include an improper consideration of the state of prior art and under the doctrine of file-wrapper estoppel. Plaintiffs (Collectively Fluor) also assert Defendant (Pullman) has violated the anti-trust laws in connection with use of the Patent and in other respects. Plaintiffs also charge Defendant with engaging in unfair business practices related to the other claims. By way of a Counterclaim, Defendant seeks a declaration that the Woodward plant will infringe the Patent which is entitled "Process for the Production of Hydrogen Rich Gas" which process is alleged to be principally used for the production of ammonia.

The instant action which was commenced in the United States District Court for the Central District of California was ordered transferred to this District on October 23, 1975 pursuant to 28 U.S.C. § 1404(a). Procedural wrangling by the parties following such Order delayed the physical transfer[1] of the files in the case until April 23, 1976 when same was received by the Clerk of this Court. Companion litigation involving the Woodward plant with which the instant case has been consolidated as noted in the caption above has been pending in this Court since August 22, 1975. The Fluor entities were joined in Case No. CIV–75–0713–D on October 1, 1975 but dismissed from same by Order of this Court on March 26, 1976. Similar litigation involving an ammonia plant presently under construction near Augusta, Georgia by a contractor not a party to this action (C. F. Braun & Company) for a producer of ammonia which also is not a party to this action (Columbia Nitrogen Corporation) pends in the United States District Court for the Southern District of Georgia, Augusta Division. Said Georgia plant will be referred to in this Order as the Columbia Nitrogen plant.

On September 21, 1976 a Motion of Plaintiffs, Fluor Corporation and Fluor Engineers and Constructors, Inc., Pursuant to Rule 37, F.R.C.P., For An Order Compelling Defendant, Pullman Incorporated, to Produce Certain Documents was filed. Said Motion is accompanied by a Brief and supporting documents. Counsel for Movant has advised the Court that the parties have conferred and attempted without success to resolve the instant discovery dispute between themselves prior to submission of same to the Court in compliance with Local Rule 13(d). Defendant has filed a Brief and Response opposing said Motion. The documents giving rise to the instant Motion are classified into four categories. It appears Defendant has asserted or attempted to assert an attorney-client privilege in regard to the documents in question.

The parties to the companion litigation pending in this Court and the similar litigation pending in Georgia have engaged in simultaneous discovery proceedings of apparent great magnitude. The specific discovery to which the instant Motion is directed was conducted during the time the instant case was in limbo.[2] The Request for Production was filed with the Clerk of the California Court on October 14, 1975. Defendant's Response to said Request was filed with the Clerk of this Court May 13, 1976. The documentary discovery which appears to have been accomplished in Defendant's offices in Houston, Texas by all parties to the present and similar litigation commenced on February 12, 1976.

---

1. The transferring Court noted in an Order Denying Motion for Reconsideration filed April 7, 1976 related to the transfer Order that it was doubtful that it even had jurisdiction to reconsider same after a 10 day stay of said transfer expired on November 5, 1975.

2. This Court notes however, that both parties to the instant action were before this Court in the companion case at the critical time in question.

The categories designated by Fluor are as follows: (1)(a) Documents relating to the AMOCO Ammonia plant built by Pullman; (1)(b) Documents relating to Pullman's Proposal to build the Columbia Nitrogen plant; (2) The application file of the Patent; (3) A Dutch Application file relating to the patented process in question; and (4) Documents relating to other ammonia plants constructed by Pullman or on which proposals were submitted. Plaintiffs urge they are entitled to the documents in question on the basis that any attorney-client privilege which may have existed has been waived. The basis of this theory in regard to categories No. 1, 3, and 4 is that the documents to which Pullman asserts the privilege were obtained during the documentary discovery proceedings commencing February 12, 1976 and thereafter Defendant requested they be returned because it desired to assert an attorney-client privilege as to the particular documents. As to the disputed items in category No. 2, it is urged by Plaintiffs that Defendant Pullman has waived its privilege as to such items by reason of permitting the discovery of some documents by or to patent attorneys or agents contained in the Patent Application file.[3] Plaintiffs also urge that Defendant has failed to show the documents in question are subject to the attorney-client privilege. In support of this theory, it is asserted that many of the documents in question were made by or directed to a patent agent and it is urged such a person should not be considered an attorney. It is also contended by Plaintiffs that Pullman has failed to show the persons involved in the communications fall within the corporate control group to which a corporation is permitted to assert the attorney-client privilege.

Defendant Pullman for its Response urges it has not waived its asserted privilege as to any category of documents. It states its Response served on Plaintiffs Fluor in which it permitted the discovery February 12, 1976 specifically reserved its rights to later assert privilege to any documents produced. It urges that the materials involving attorneys which were produced with the Patent application file were matters to which the privilege did not extend and same did not constitute a waiver of the matters to which the privilege is claimed. Defendant further responds that its patent agent should be considered an attorney as to patent matters and also urges said agent worked at all times directly for patent attorneys and the attorney-client privilege extends to said patent agent. It also states that the persons with whom the attorneys have communicated are within the corporate control group in regard to patent matters. Defendant Pullman also contends the documents designated in categories No. 2 and 3 are not relevant to the instant action. Defendant Pullman further urges the items in category 3 constitute attorney's work product and Plaintiffs have not met the requirements for production of same set out in Rule 26(b)(3), Fed.Rules Civ.Proc. Defendant in its Response sets out in some detail facts it urges support its claim for attorney-client privilege.

The Request for Production of Documents giving rise to the instant Motion contains eleven major categories and also incorporates documents associated with 94 Interrogatories filed simultaneously with said Request. Defendant Pullman's Response served on the moving party prior to permitting the discovery in question contained provisions in which Pullman stated it desired to reserve rights to assert privileges or other objections.[4]

---

**3.** Copies of documents from or to patent attorneys or agents are submitted as exhibits to the instant Motion in support of this theory.

**4.** One such provision stated:
"Defendant has made a diligent attempt to locate all the documents within the scope of these requests, and has attempted to remove from the files containing such documents all privileged documents and attorney work product, and the remaining documents will be produced by Defendant for inspection by Plaintiff. However, due to the voluminous scope of the requests, it is possible that some documents within the scope of the requests have not been located, and it is possible that some privileged or work product documents remain among those which will be produced.

The facts are not in dispute that the matters designated as categories No. 1, 3, and 4 were produced for copying by Plaintiffs during the February 12, 1976 discovery proceedings and thereafter, counsel for Defendant requested they be returned because it desired to assert an attorney-client privilege as to said documents.

■ Defendant Pullman's Response to the Request for Production does not appear to conform to the provisions of Rule 34(b), Fed.Rules Civ.Proc. which provides in applicable part:

"The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated."

The "conditional" response served on Plaintiffs Fluor in which production was permitted with the right to later assert objections purportedly reserved unnecessarily complicates what is designed to be a simplified discovery procedure. The Court determines that Defendant Pullman has waived any objection it could have made as to any documents it produced in response to the Rule 34, *supra,* Request for Production for the reason it elected to produce requested documents rather than to object for stated reasons.

■ Notwithstanding the fact that Defendant Pullman has not properly asserted an objection based on the attorney-client privilege as to the items designated as categories No. 1, 3, and 4, Plaintiffs' contention that said privilege was waived by the voluntary production of such documents appears to be correct. The general rule as to waiver of attorney-client privilege was set out in the case of *Underwater Storage, Inc.*

*v. United States Rubber Co.,* 314 F.Supp. 546 (D.D.C.1970) wherein the Court stated:

" '[W]here the policy underlying the rule can no longer be served, it would amount to no more than mechanical obedience to a formula to continue to recognize it.' *United States v. Kelsey-Hayes Wheel Co.,* 15 F.R.D. 461, 465 (E.D.Mich. 1954). Any privilege that may have attached to the document was destroyed by the voluntary act of disclosure. *D'Ippolito v. Cities Service Co.,* 39 F.R.D. 610 (S.D.N.Y.1965)."

In the instant case, Defendant Pullman voluntarily produced the documents almost four months after a Request for Production was served on it. Notwithstanding the apparently voluminous amount of discovery involved, said Defendant could have taken necessary steps to remove purportedly privileged documents prior to permitting discovery of same in a manner similar to that employed by Defendant Pullman in regard to the documents involved in category No. 2 of this Motion. The purported reservation contained in its Response was in effect a legal nullity. One cannot produce documents and later assert a privilege which ceases to exist because of the production.

■ The same principles which apply as to failure to make proper objections and waiver of a privilege appear to apply to any possible objection based on purported work product materials or as to relevancy.[5] The Court determines that the instant Motion to Compel should be granted as to the materials designated as categories No. 1, 3, and 4. Defendant Pullman is directed to return such documents to Plaintiffs Fluor within 20 days of this date.

■ The general rules as to waiver of the attorney-client privilege are also appli-

---

Defendant reserves the right, if any such privileged or work product documents are designated for copying by Plaintiff, to assert Defendant's privilege."

Another similar provision concluded as follows:

". . . that production of the documents shall in no way be a waiver of Defendant's right to later claim privilege or other immunity."

5. Defendant Pullman's claim contained in its Response to the instant Motion that certain documents are not relevant to the subject matter of this litigation would be an insufficient basis for objecting to production even if the objection were properly raised. Rule 26(b)(1), Fed.Rules Civ.Proc.

cable to the documents designated as category No. 2 which were removed from the Patent application file prior to production of same. Plaintiffs contend that Defendant waived the attorney-client privilege as to documents in this category by reason of allowing disclosure of selected communications contained in the Patent application file between its patent attorneys or agents and the inventor of the process. Exhibits No. 2, 3, 4 and 5 attached to Plaintiffs' Brief are presented in support of this contention. Defendant contends said documents were disclosed because they did not meet the tests for assertion of the attorney-client privilege and are thus unprivileged documents. An examination of the Exhibits in question discloses same are in the nature of internal transmittal letters between Defendant's patent legal department and the primary inventor of the process. Exhibit No. 5 appears to be merely a memo advising the inventor that the patent legal department had received copies of the design for study or commencement of application proceedings. Exhibit No. 4 appears to be a transmittal letter dated August 2, 1965 wherein the inventor returned a rough draft to the patent legal department along with 9 pages of handwritten notes related to said rough draft. The notes appear to be primarily of a technical nature. Exhibit No. 2 is a transmittal letter dated October 18, 1965 in which it appears a later draft of the application was returned to the patent legal department with multiple comments by the inventor as to suggested changes. Said suggestions are primarily of a technical nature. Exhibit No. 3 appears to be handwritten notes possibly related to the previous exhibit which in any case are technical in nature. Communications dealing with technical engineering aspects of patent procurement are not privileged. *Georgia-Pacific Plywood Co. v. United States Ply. Corp.*, 18 F.R.D. 463 (S.D.N.Y.1956); *Underwater Storage, Inc. v. United States Rubber Co., supra.* In *Natta v. Hogan*, 392 F.2d 686 (10 Cir. 1968) the Court approved a relatively simple test in regard to determining the propriety of the assertion of the attorney-client privilege to inter-company communications in regard to a patent application wherein it stated:

"Each of these is a letter from an attorney to a member of the Phillips' control group. Each gives advice and seeks a management decision. In our opinion they are privileged."

None of the documents Plaintiffs have submitted as exhibits appear to request or give legal advice or opinions or give or request management decisions. Said documents appear to be technical in nature. The Court determines Defendant's contention that the documents set out as Plaintiffs' Exhibits No. 2, 3, 4, and 5 are not subject to an attorney-client privilege is substantially correct. The Court finds that Plaintiffs' contention that Defendant Pullman has waived the attorney-client privilege asserted as to items in category No. 2 by permitting selected privileged items to be discovered is not supported by the evidence submitted. The Court finds that Defendant Pullman has not waived its attorney-client privilege as to items designated in category No. 2 which were removed from the Patent application file prior to producing same.

■ The contention raised by Plaintiffs that the privilege asserted should not be applied to communications to or from a patent agent cannot be sustained on the mere basis the patent agent involved is not an attorney. Defendant Pullman states said agent performed her duties at all times under the supervision of its staff patent attorneys and this alone is sufficient to allow the assertion of the attorney-client privilege to her communications. *Congoleum Industries, Inc. v. G A F Corporation*, 49 F.R.D. 82 (E.D.Pa.1969), affirmed 478 F.2d 1398 (3 Cir. 1973); 8 Wigmore, Evidence § 2301 (McNaughton rev. 1961). The Court concludes it cannot be determined that communications to or from the patent agent involved in the Patent application are not privileged solely because of the patent agent's status.

■ Plaintiffs assert that Defendant Pullman has failed to establish that either the authors or the recipients of the documents in dispute properly come within its

control group. The Defendant in its Response states each document in question constitutes a communication from an attorney (or patent agent) and a person involved in rendering information necessary to the decision making process. The Court has no reason to doubt said assertion, but the record before the Court in regard to the instant Motion to Compel is deficient in this regard. Counsel for Defendant Pullman is directed to submit an affidavit in conjunction with the in camera submission of documents as set out hereafter setting out the corporate titles, positions, and duties performed at the times involved of all personnel it contends fall within its corporate control group in regard to the documents in category No. 2. The Court has insufficient information to determine the contention raised in regard to the control group and reserves its ruling on such issue.

It appears Plaintiffs have also raised the issue that Defendant Pullman has failed to establish that the communications in question are properly subject to the attorney-client privilege. Unfortunately, the only vehicle which appears available to the Court to determine if the attorney-client privilege has been properly asserted is an examination of each document for which the privilege is asserted. Defendant Pullman is directed to file copies of the documents designated as category No. 2 with the Clerk of this Court within 15 days of this date for an in camera review by the Court. Said filings should be made in sealed envelopes with the document identified on the envelope.

It is so ordered this 30 day of December, 1976.