**John A. CATALDO**
vs.
**Mortimer B. ZUCKERMAN
& Edward H. LINDE**

**No. 32647**

Superior Court
Commonwealth of Massachusetts

**December 1, 1982**

**Douglas G. Moxham and Kenneth R. Berman,** counsels for plaintiff.
**Daniel L. Goldberg and John J. Curtin, Jr.,** counsels for defendant.

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO
COMPEL PHOTOCOPYING AND
TRANSMITTAL OF DOCUMENTS
AND FOR ENTRY OF SANCTIONS**

**Background**

The facts relevant to the above motion are essentially undisputed. Plaintiff claims that he was wrongfully discharged by defendants and he seeks to recover unpaid compensation calculated by a percentage interest in the net equity of approximately twenty-one real estate projects developed by the parties from 1971 to 1977. On May 25, 1982, a Justice of this Court ordered defendants to make available to plaintiff financial records relative to those projects. Documentary

records relating to the projects were in the keeping of one Robert DeGaeta, a Vice President of Boston Properties. DeGaeta reviewed the documents to verify that they pertained to the relevant projects and he then stored the documents in fifty file boxes. Each file folder was then individually reviewed by defendants' counsel who removed documents therefrom not within the scope of the May 25th order. A paralegal then reviewed individual documents to winnow out non-financial records. As a final check, defendants' counsel again reviewed the contents of several files. On August 17, 1982, plaintiff inspected the documents produced by defendants. After review, plaintiff designated which documents he desired to have reproduced. Nineteen of those documents were of a non-financial nature and were inadvertently produced. Defendants then withheld seventeen of those documents and transmitted two in edited form. By the motion under consideration plaintiff seeks production of the nineteen documents in their unedited form arguing that their inadvertent production by defendants vitiates any claim of attorney-client privilege asserted by defendants.

**Memorandum of Decision**

There is little decisional uniformity on the issue of inadvertent production of documents. Some courts have held that production, even if inadvertent, vitiates any claim of privilege, **Chapman v. United States,** 314 F. Supp. 545, 549 (D.C. Cir. 1970), while others have held that inadvertent production is the antithesis to a waiver of privilege. **Mendenhall v. Barber-Greene Co.,** 531 F. Supp. 951, 955 (D. Ct. Ill. 1982).

I rule that defendants should not be compelled to transmit the non-financial documents inadvertently produced by them. The caselaw reveals no uniform pattern concerning the issue raised by the parties and neither party was able to cite any Massachusetts caselaw which addresses a problem similar to the one presented. In choosing this ruling I adopt the rationale espoused by the Court in **Transamerica Computer Company v. International Business Machines,** (TCC), 573 F.2d 646 (1978), that "a party does not waive the attorney-client privilege for documents which he is **compelled** to produce." **Id.** at 651. That rationale is especially compelling when in this action, as with the TCC case, the parties were compelled to sift through voluminous documents in a short period of time and the inadvertent production of a few privileged documents became a logical possibility. There appears to be no good reason "to punish" a party for such an oversight.

It is up to the holder of a privilege to waive his or her privilege. It is clear in this action defendants had no intention of waiving their privilege. A key element at play here is inadvertence. Plaintiff maintains that defendants checked the documents beforehand and therefore their listing and production of the documents in question can automatically be considered to have occurred voluntarily. However, because defendants' disclosure was inadvertent, they could not have realized the consequences of their act of listing and production. I am unwilling to rule that someone can volunteer to do something he or she is unaware of. "We are taught from first year law school that waiver imports the 'intentional relinquishment or abandonment of a known right.' Inadvertent production is the antithesis of that concept." **Robert J. Mendenhall v. Barber-Greene Company,** 531 F. Supp. 951, 955 (1982). "Only the client can waive this privilege and, to support a finding of waiver, there must be evidence that he intended to waive it. Here there is no evidence that defendants intended to waive any privilege and no evidence even that their counsel so intended." **Connecticut Mutual Life Insurance Company v. Paul V. Shields,** 18 F.R.D. 448 (1955). This court believes, to quote **Mendenhall,** that "the better-reasoned rule is that mere production does not waive the privilege." **Id.** at 954.

A second important point is that the

10

additional documents at issue are irrelevant, i.e., they do not concern the issue previously addressed by the Justice of this Court when he originally ordered the production of non-financial documents. I may have ruled differently if the documents in concern here were relevant and knowingly/voluntarily produced as indicated by an affidavit as referred-to in **International Paper Company v. Fibreboard Corporation,** 63 F.R.D. 88 (1974), a case advanced by plaintiff. In **International Paper** once the affidavit was knowingly released it became an issue in ascertaining the facts of the case. Hence, once intentionally introduced the court ruled the attorney-client privilege could not be asserted in retrospect. This court would tend to agree if those were the facts here.

In another case advanced by plaintiff, **Underwater Storage, Inc. v. United States Rubber Company,** 314 F. Supp. 546 (1970), the plaintiff there was not allowed to assert a privilege as to document he had knowingly and voluntarily produced concerning an iseue the court considered to be most relevant to the action. Missing from the fact pattern that case as contrasted with this action is the element of inadvertence and any indication there were voluminous documents that the plaintiff had to sift through.

In **W. R. Grace and Company v. Pullman, Inc.,** 446 F. Supp. 771 (1976), a third case advanced by plaintiff there is also lacking the element of inadvertence here. In **Grace,** the party producing the documents did so knowingly and voluntarily yet he attempted to place a conditional privilege on those documents. In essence he intentionally waived his privilege on the condition he could assert it later. The **Grace** court rejected this "conditional response" and this court would also.

Plaintiff fails to set forth sufficient persuasive caselaw which stands for the maxim that if a party compelled by court order to sift through voluminous documents inadvertently lists or produces a few otherwise privileged documents of

dubious relevancy, this equals a waiver of the privilege attached to any of those documents. Therefore, I rule that the interests of fairness dictate the inadvertently listed documents need not be produced.

**Order.**

On the basis of the above, plaintiff's motion is ordered denied.

<div align="right">

**Paul G. Garrity**
**Justice of the Superior Court**