James P. EDWARDS, Plaintiff,

v.

Cletis E. WHITAKER and MML Investors Services, Inc., Defendants.

No. 3:92–1157.

United States District Court, M.D. Tennessee, Nashville Division.

Sept. 28, 1994.

---

David Sullivan Zinn, Michael D. Dillon, Zinn & Associates, Nashville, TN, for plaintiff.

William Arthur Cragg, Ortale, Kelley, Herbert & Crawford, Barry Lane Howard, Gracey, Ruth, Howard, Tate & Sowell, Nashville, TN, for defendant.

## MEMORANDUM

ECHOLS, District Judge.

Presently pending before this Court are Defendants' Motion for a Protective Order and Plaintiff's objection thereto. For the reasons outlined herein, Defendants' Motion for a Protective Order is GRANTED in part and DENIED in part.

During 1991 and 1992, Plaintiff was represented by MML Investors Services, Inc. ("MML") and Cletis Whitaker ("Whitaker") in connection with certain securities investments. Plaintiff brings this suit against MML and Whitaker alleging various violations of the Securities Exchange Act and of

Tennessee law. In connection with this case, Plaintiff seeks to depose Marilyn Sponzo and Stanley Farr, who are with MML's compliance department.

Ms. Sponzo, a licensed attorney, is managing counsel in MML's Legal Department. Her duties include handling legal actions brought against MML and supervising MML's compliance department. (Docket Entry No. 27, ¶ 1.) Mr. Farr is the Chief Compliance Officer in MML's compliance department. His direct superior is Ms. Sponzo, and he investigates, at her direction, claims which are brought against the company. (Id., ¶ 2.) On August 28, 1992, Plaintiff's lawyer wrote MML, advising the company of the Plaintiff's claims against it. Upon being informed of these potential claims, Ms. Sponzo and Mr. Farr, in anticipation of litigation, undertook an investigation of the claims to form legal opinions and render legal advice to MML. (Id., ¶ 6.)

Defendants object to the taking of Ms. Sponzo's and Mr. Farr's depositions on the ground that any information which these persons would be asked to divulge would be subject to the attorney/client privilege or the attorney work product privilege. Therefore, Defendants seek a protective order of this Court. Defendants claim that any communications between themselves and Sponzo or Farr on the subject of this lawsuit are subject to the attorney client privilege. In addition, they claim that any notes or documents generated by Sponzo and Farr are likewise protected by the attorney work product doctrine.

Plaintiff responds with two arguments. First, he contends that he seeks to depose Mr. Farr and Ms. Sponzo with regard to their supervisory roles prior to August 28, 1992, the date on which MML learned of Plaintiff's lawsuit. Plaintiff contends that information arising from Farr's conduct in this capacity is not privileged.

■ This Court agrees. Communications between an attorney and his or her client are privileged when made without the presence of strangers and for the purpose of obtaining an opinion of law, legal services, or assistance in a legal proceeding. *Hydraflow, Inc. v. Enidine, Inc.,* 145 F.R.D. 626, 630

(W.D.N.Y.1993). However, "the privilege only applies if the lawyer is providing legal advice or services, and [it] will not protect disclosure of non-legal communications where the attorney acts as a business or economic advisor." *Id.* at 631.

■ According to the testimony of Defendant Whitaker, during the time period of 1991–1992, Mr. Farr was acting as his supervisor. (Whitaker Dep., pp. 124–31, 141–44.) At that time, Mr. Farr was not preparing for a lawsuit in this case because the specter of a lawsuit had not yet arisen. Therefore, the information obtained by Mr. Farr in his capacity as a supervisor certainly is not entitled to the protection afforded under the attorney-client privilege. Likewise, to the extent that Ms. Sponzo acted in a supervisory capacity during the period in question, Defendants are not entitled to invoke the attorney/client privilege to prevent her from being deposed with regard to such information.

Second, Plaintiff apparently concedes that Defendants' communications with Whitaker and Farr, made subsequent to MML's receipt of the August 28, 1992 letter, were entitled to attorney/client privilege. However, Plaintiff contends that Defendants waived that privilege when they turned over certain letters which Whitaker wrote to Sponzo and which relate to the issues presented in this lawsuit. Indeed, in a letter from Whitaker to Sponzo dated September 2, 1992, Whitaker addresses, in minute detail, Plaintiff's claims against him. That letter was among the documents released to the Plaintiffs.

■ Defendants contend that those documents were turned over inadvertently. When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent and that the attorney/client privilege has not been waived. *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.,* 132 F.R.D. 204, 207 (N.D.Ind.1990).

■ This Court must determine whether that disclosure constituted a waiver of the attorney/client privilege. There are three lines of authority with regard to the claim of inadvertent disclosure. The first is the ob-

jective approach. Under that approach, any disclosure, whether intentional or inadvertent, constitutes a waiver of the attorney/client privilege. *See Underwater Storage, Inc. v. United States Rubber Co.* 314 F.Supp. 546, 548–49 (D.D.C.1970); *Int'l Digital Sys. v. Digital Equip. Corp.*, 120 F.R.D. 445 (D.Mass.1988). The second is the subjective approach, which holds that inadvertent disclosure can never constitute waiver, as no intention to waive the privilege existed at the time of disclosure. *See Connecticut Mut. Life Ins. Co. v. Shields*, 18 F.R.D. 448, 451 (S.D.N.Y.1955). Under the intermediate approach, the Court must consider the following factors:

(1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) the promptness of measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its error.

*Hydraflow, Inc. v. Enidine, Inc.*, 145 F.R.D. 626, 637 (W.D.N.Y.1993); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 208–09 (N.D.Ind.1990); *Fed. Deposit Ins. Corp. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479 (E.D.Va. 1991). *See also Prudential Ins. Co. v. Turner & Newall*, 137 F.R.D. 178 (D.Mass.1991) (holding that waiver had occurred where disclosing party made no effort to retract the disclosed documents). This Court believes that the latter approach is most fair and appropriate.

■ In this case, the Defendants have failed to meet their burden. They have presented no evidence with regard to the precautions taken to prevent any such disclosure. There are approximately seven separate pieces of correspondence between Whitaker and Ms. Sponzo or Mr. Farr which have been disclosed to the Plaintiff. However, the Court finds that the burden of document production in this case was relatively slight. Defendants took approximately seven months to produce a mere 2,000 documents. (Docket Entry No. 28, Ex. 7.) Apparently, Defendants' unsworn allegation of inadvertent disclosure in its Motion for Protective Order is its first attempt to rectify the disclosure. Certainly, the Court has no evidence that the Defendants have objected to Plaintiff's previous use of these letters in depositions and for other purposes. This Court further finds that it would be unfair to reward Defendants' carelessness by granting them the protection of the requested order. Therefore, this Court finds that the disclosure of the letters in question constitutes a waiver of the attorney/client privilege.

■ With regard to the issue of the extent of that waiver, it is well-established that "voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Inv./Indicators, Research & Mmgt.*, 647 F.2d 18, 24 (9th Cir.1981); *United States v. Cote*, 456 F.2d 142, 144–45 (8th Cir.1972); *Chubb Integrated Sys. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 63 (D.D.C.1984). *See also United States v. Bump*, 605 F.2d 548, 551 (10th Cir.1979); *In re Horowitz*, 482 F.2d 72, 81 (2d Cir.1973), *cert. denied*, 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973). Therefore, this Court finds that Defendants' disclosure of the letters in question constitutes a waiver of the attorney/client privilege as to all communications on the same topics as those addressed in the letters.

■ The Court now must consider whether the disclosure of the documents also effected a waiver of the attorney work product privilege. That privilege does not exist to protect a confidential relationship between the client and the attorney. Instead, its purpose is to "promote the adversary system by safeguarding fruits of attorney's trial preparations from discovery attempts of opponents." *Chubb Integrated Sys. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 63 (D.D.C.1984); *United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.D.C.1980). Therefore, a disclosure which is not inconsistent with maintaining the secrecy of one's trial preparation does not constitute a waiver of the attorney work product doctrine.

**230**

Although the disclosure of the letters constituted a waiver of the attorney/client privilege, this Court finds that the disclosure did not effect a waiver of the attorney work product privilege. Indeed, there is nothing in the letters which disclosed any attorney work product. Therefore, this Court GRANTS Defendants' Motion for a Protective Order with regard to any such attorney work product.

For the reasons outlined herein, Defendants' Motion for a Protective Order is GRANTED in part and DENIED in part. Accordingly, attorney/client communications on the same subject as those for which the attorney/client privilege was waived are NOT PROTECTED. However, all attorney work product made in preparation for the trial in this case is PROTECTED from discovery.