Connie ANDERSON, et al., Plaintiffs,

v.

**CLARKSVILLE MONTGOMERY COUNTY SCHOOL BOARD AND SCHOOL DISTRICT, Defendant.**

No. 3:05–0112.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 20, 2005.

C. Dewey Branstetter, Jr., Joey Paul Leniski, Jr., Mark A. Mayhew, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, for plaintiffs.

John David Schwalb, Williams & Schwalb, Franklin, TN, William S. Rutchow, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P., Nashville, TN, for defendant.

## ORDER

BROWN, United States Magistrate Judge.

■ A hearing was held in this matter on June 16, 2005, on the plaintiffs' motion seeking an order prohibiting the dissemination of privileged information (Docket Entry No. 16). The motion is **GRANTED**. Both sides have briefed the issue and the matter was further considered at oral argument during the hearing. There are no opinions cited to the Magistrate Judge, nor did the Magistrate Judge find any opinion specifically in Tennessee or the Sixth Circuit dealing with this issue. There are cases in a corporate setting holding that a corporate officer may waive the corporation's attorney-client privilege by a deliberate disclosure of information. *Commodity Futures Trading Com'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). It is also undoubtedly true that the attorney-client privilege is that of the client, and a single client by disclosing a privileged communication does in fact waive the privilege as to that communication and all other communications on the same subject. *Edwards v. Whitaker,* 868 F.Supp. 226 (M.D.Tenn.1994). The situation becomes much more complicated when there are a number of plaintiffs represented by a single attorney.

In this case there are some 80 plus plaintiffs all represented by Mr. Branstetter. Mr. Branstetter has communicated with his clients and has provided them certain advice in communications which are apparently marked as being subject to the attorney-client privilege. The advice in general terms dealt with how they should report their time

and what to do if they felt they were subject to retaliation.

One or more of the plaintiffs, for some reason which is unknown at the present time, chose to disclose these letters from Mr. Branstetter to supervisors of the defendant. Whether these letters were disclosed because the plaintiffs wished to use them as an explanation of why they were reporting their hours as they did, or whether it was because they were encouraged by the defendant to furnish this information, or even more remotely whether they were in fact moles who joined in the litigation to secure inside information is unknown at this time. The affidavits of the two supervisors who secured the letters shed no light on this. Their conclusion that the surrenders were voluntary gives no hint as to the motivation as to why the material would have been turned over.

From the available information, it appears that the most likely sequence of events were that the plaintiff(s) in question was being instructed to put down the five hours directed by the "Time and Motion" study and the driver wished to put down the actual time used to complete the bus route. The driver(s) could very well have presented the letter from his attorney, advising how they should proceed, to the supervisor in an effort to explain his or her actions. The fact remains, however, that the disclosing plaintiff or plaintiffs did not have the permission of the other plaintiffs to make this disclosure.

■■■ The general view appears to be that where there are multiple plaintiffs involved in a common lawsuit, a single plaintiff may not disclose privileged information without the consent of the other plaintiffs. *See State v. Archuleta,* 29 N.M. 25, 217 P. 619 (1923); *In re Matter of Grand Jury Subpoena,* 406 F.Supp. 381 (D.C.N.Y.1975); *Ohio–*

*Sealy Mattress Mfg. Co. v. Kaplan,* 90 F.R.D. 21 (N.D.Ill.1980); *Dexia Credit Local v. Rogan,* 2004 WL 3119026 (N.D.Ill.). *See also* Edna Selan Epstein, *The Attorney–Client Privilege and the Work Product Doctrine,* 285, Section of Litigation American Bar Association, 4th ed.2001. The author of this treatise concludes that when parties jointly are holders of the same privilege, neither of them may unilaterally waive the privilege for the other with respect to third parties over the others' objection.[1] It is the Magistrate Judge's opinion that those receiving such communications would have been better advised to have not read them and done as Mr. Schwalb did—report the matter to opposing counsel and seek guidance from the Court.

On the whole, the Magistrate Judge believes that under the circumstances of this case it is inappropriate for a single plaintiff to be allowed to waive the attorney-client privilege for all plaintiffs through his act of disclosing attorney-client communications to the other side, even though his act may have been deliberate.

Judicial economy and common sense dictate that a single attorney can and should represent multiple clients in cases of this nature. If each plaintiff claiming under the Fair Labor Standards Act had to secure a separate attorney to ensure that a co-plaintiff would not disclose materials, the cost of litigation would expand exponentially. If a defendant were found liable, this would also exponentially expand the defendant's liability for attorneys' fees. A holding that a single plaintiff could in fact disclose the confidences of the entire group would discourage this representation with no particular benefit that the Magistrate Judge can discern. If a particular plaintiff wishes to withdraw from representation, that plaintiff, of course, has the

---

1. Counsel for the defendant has submitted an affidavit of the attorney who originally received this information in which she advises that she received advice from two of the partners and the Board of Professional Responsibility that this was a voluntary disclosure, thus waiving the attorney-client privilege. Mr. Branstetter, at oral argument, advised that he had likewise consulted one of his partners, who was a former chairman of the Hearing Officers for the Board of Professional Responsibility, and that he also was a

Hearing Officer for the Board of Professional Responsibility, and that he and Mr. Branstetter were of the opinion that there was no waiver. The Magistrate Judge is not overly impressed with the opinion of law partners.

Since the exact question put to the unnamed attorney for the Tennessee Board of Professional Responsibility and the exact advice given, this statement is also of no assistance to the Magistrate Judge.

right to do so. However, until such time as a plaintiff withdraws and truly becomes adverse to his former co-plaintiffs, it appears appropriate to maintain the attorney-client privilege absent a waiver by all plaintiffs.

Accordingly, it is **ORDERED** that

1. Each individual plaintiff in this collective action shall refrain from disclosing to the defendant, its agents, employees, or attorneys, or any other third party who is not a plaintiff in this litigation, any communications to and from counsel for the collective plaintiffs and the collective plaintiffs which are marked confidential and/or subject to the attorney-client privilege, without the consent of each individual plaintiff.[2]

2. The defendant, its employees, agents, and attorneys, shall immediately return to counsel for the plaintiffs, without further reading, any documents received from any source which are communications between the collective plaintiffs and their counsel designated as confidential or subject to the attorney-client privilege.

3. The defendant, its employees, agents, and attorneys, shall immediately report the receipt of any such material to their counsel of record, who shall report the disclosure to counsel for the plaintiffs. Counsel for the plaintiffs may then report such disclosure to the Court, if deemed appropriate.

4. The defendant, its employees, agents, and attorneys, shall destroy, without reading, or without further dissemination, any communications between any individual plaintiff in this action and counsel for the plaintiffs in this action that is designated as confidential or subject to the attorney client privilege.

5. Within five days from the date of this Order, the defendant is **directed** to disclose to counsel for the plaintiffs the name of each and every plaintiff in this lawsuit who provided copies of the communications from plaintiffs' counsel to the plaintiffs dated April 25, 2005, and/or May 5, 2005, to Ron Garner or Terry Newsome, or any other employee of the Clarksville Montgomery County School

System who is not a plaintiff in this proceeding.

A telephone conference is set with the parties at **2:00 p.m. on Monday, October 24, 2005,** in lieu of the hearing previously set on October 27, 2005. The telephone conference will be initiated by the Magistrate Judge's office.

It is so **ORDERED**.

---

**2.** Of course, the plaintiffs and their attorney could draw up a formal joint agreement and provide other means of waiver.