WESTERN UNION TEL. Co. *v.* BALTIMORE & OHIO TEL. Co.

(*Circuit Court, S. D. New York.* December 24, 1885.)

1. INJUNCTION—PRIVATE LETTERS—WHEN OPPOSING PARTY ENTITLED TO PUT IN EVIDENCE.

   Where a party seeking to procure an interlocutory order uses documents or letters in the affidavit therefor, at any subsequent stage of the action, the opposing party will be entitled to introduce such letters or documents in evidence against the party who originally used them.

2. SAME—CORPORATIONS—LETTERS OF THE OFFICERS OF.

   A corporation can speak or act only through its officers or agents, and their declarations made in the course of their employment, and relating to the immediate transaction in which they are engaged, are always competent as against the company.

3. SAME—CONFIDENTIAL COMMUNICATION—LETTER OF CORPORATION'S ATTORNEY.

   Where a corporation has produced in evidence fragmentary parts of the letters of its attorney, written to the other officers of the company, it cannot be allowed to shelter itself behind the privilege to insist upon the privacy of the communications. By introducing any part it surrenders its privilege as to the whole of such letters.

In Equity.

*Dickerson & Dickerson,* for complainant.

*Frederick H. Betts,* for defendant.

WALLACE, J. Upon a motion in this cause for a preliminary injunction one of the questions involved was whether the reissued patent upon which the suit is founded was obtained for the legitimate purpose of correcting mistake or inadvertence in the specification and claims of the original, or whether it was obtained merely for the purpose of expanding the claims of the original in order to subordinate to the reissue certain improvements or inventions made by others intermediate the grant of the original and the application for the reissue. To fortify its theory of the true reasons for obtaining the reissue the complainant upon that motion embodied in affidavits then used extracts from communications made by Mr. Buckingham, a patent expert and attorney in the office of the general solicitor of the complainant, to the president and the vice-president of the complainant, when the subject of applying for a reissue was under consideration by the officers of the complainant, and while the proceedings for a reissue were pending. The cause has proceeded to the taking of proofs for final hearing, and the defendant now wishes to introduce in evidence

the original communications, extracts of which were thus used by the complainant upon the motion for an injunction. The defendant insists that the parts of the communications which were not disclosed have an important bearing upon the history of the application for a reissue, and indicate that it was not made for any legitimate purpose. The complainant resists this application upon the ground that the communications are privileged as made to its officers by its attorney.

It is entirely clear that the defendant is entitled to put in evidence any document or affidavit which has been used by the complainant in any proceeding in the suit for the purposes of interlocutory relief. By the production of such documents or affidavits as the basis for relief sought, the complainant has impliedly vouched for the truth of the facts recited in them, and they are admissible as the declarations of the complainant. It is well settled that if a party upon a motion in the cause, or for the purpose of obtaining any relief, produces a document or uses the affidavit of another person, the document or affidavit is on any subsequent occasion in the suit admissible as evidence against him who so used it. Such an affidavit may be used upon the trial when the person who made the affidavit is present in court and is not called. Phil. Ev. (5th Amer. Ed.) 368. Thus, in *Brickell* v. *Hulse*, 7 Adol. & E. 454, an action in trover, the defendant used the affidavit of one White to obtain the extension of time. Upon the trial the plaintiff relied upon this affidavit to prove conversion by the defendant. Upon a motion for a new trial the evidence was held to be competent upon the ground that a statement which a party produces on his own behalf, whether on oath or not, becomes evidence against him, and is equivalent to a statement made by the party himself. See, also, *Gardner* v. *Moult*, 10 Adol. & E. 464; *Johnson* v. *Ward*, 6 Esp. 47.

Irrespective of the circumstance that the complainant has made these communications competent evidence for the defendant by its own act, they would be admissible as part of the history of the application for the reissue. They belong to a series of oral acts which took place between the complainant's officers and agents upon the proceeding to surrender the original patent and obtain a reissue. A corporation can only speak through its officers and agents, and their declarations made in the course of their employment, and relating to the immediate transaction in which they are engaged, are always competent against the corporation. The complainant's counsel have evinced their opinion of the relevancy and materiality of the evidence by introducing it upon the motion for the injunction.

The question, then, is whether the complainant can shelter itself behind its privilege to insist upon the privacy of the communications between its attorney and its other officers as confidential communications, when it has itself produced fragmentary parts of them, and sought to use them as a weapon against the defendant to obtain the

stringent remedy of a preliminary injunction. Assuming that the communications addressed to the president and vice-president of the complainant by Mr. Buckingham were communications made to the complainant by its attorney, and as such privileged at the option of the complainant, it was competent for the complainant to waive its privilege. It would hardly be contended that the complainant could introduce extracts from these communications as evidence in its own behalf for the purposes of a final hearing, and yet withhold the other parts if their production were required by the defendant. A party cannot waive such a privilege partially. He cannot remove the seal of secrecy from so much of the privileged communication as makes for his advantage, and insist that it shall not be removed as to so much as makes to the advantage of his adversary, or may neutralize the effect of such as has been introduced. Upon principle it would seem that it cannot be material at what stage of the proceedings in a suit a party waives his right to maintain the secrecy of a privileged communication. All the proceedings in the cause are constituent parts of the controversy, and it is not obvious how any distinction can obtain as to the effect of waiver when made by a party for the purpose of obtaining temporary relief and when made by him to obtain final relief. It is therefore held that the defendant is entitled to introduce the communications of Mr. Buckingham in evidence.