**ABBOTT LABORATORIES, Plaintiff,**

v.

**BAXTER TRAVENOL LABORATORIES, INC., et al., Defendants.**

**No. 86 C 4862.**

United States District Court, N.D. Illinois, E.D.

Dec. 7, 1987.

Sheldon W. Witcoff, D. Dennis Allegretti, Denis Berntsen, Mark T. Banner, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for plaintiff.

John W. Chestnut, W. Dennis Drehkoff, Tilton, Fallon, Lungmus & Chestnut, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

 In this patent infringement case the defendant relies upon the prior written opinions of counsel that its product would not infringe plaintiff's patent. Such reliance is permitted as a defense to a charge of willful infringement but is not required. *Machinery Corp. v. Gullfiber*, 774 F.2d 467, 472 (Fed.Cir.1985). Defendant produced three such opinions in response to a discovery request but refused to produce all opinions asserting work product and attorney-client privilege. It specifically said it was "not waiving any ... privilege or ... immunity" with respect to other documents.

By virtue of producing the three opinions regarding infringement of the patent here defendant has waived his privilege as to any other such opinions of counsel on the same subject matter.

In 1885, Judge Wallace, sitting in the Southern District of New York, addressed this issue in a patent case where some of the communications by a patent attorney to plaintiff were produced and the defendant sought production of the remainder. The Court found waiver saying a party "cannot remove the seal of secrecy from so much of the privileged communication as makes for his advantage and insist it shall not be removed as to so much as makes to the advantage of his adversary, or may neutralize the effect of such as has been introduced." *Western Union Tel. Co. v. Baltimore & Ohio Tel. Co.*, 26 F. 55, 57 (C.C.S. D.N.Y.1885). In 1978 Judge Will of this Court came to a similar conclusion. *Panter v. Marshall Field & Co.*, 80 F.R.D. 718, 720–21 (N.D.Ill.1978). Wigmore said much the same thing:

> The client's offer of ... a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter. This is so because the privilege of secret consultation is intended only as an incidental means of defense and not as an independent means of attack and to use it in the latter character is to abandon it in the former.

6 Wigmore, *Evidence* 638 (McNaughten Rev.1961). The reasons for the rule stated by Judge Wallace and Dean Wigmore show clearly why the defendant's assertion of privilege here as to some documents is impermissible. A party claiming good faith reliance upon legal advice could produce three opinions of counsel approving conduct at issue in a law suit and withhold a dozen more expressing grave reservations over its legality. Preservation of privilege in such a case is simply not worth the damage done to truth. *See Weil v. Investment/Indicators*, 647 F.2d 18, 24–25 (9th Cir.1981).

The argument offered against this reasoning is that, in patent cases, the waiver rule creates a cruel dilemma for one accused of willful infringement. While reliance on advice of counsel is not necessary per se to defend the suit, it is, as a practical matter, absolutely essential to the good faith defense. Thus the choice is between

a complete sacrifice of the privilege or a complete sacrifice of the defense. This choice, the argument continues, is too harsh and a defendant should not be required to make it.

The contention that the law should not require such hard choices is usually found in criminal cases, and there it is usually rejected, save in cases where the choice is between one constitutional right and another. *Green v. United States*, 355 U.S. 184, 193, 78 S.Ct. 221, 226, 2 L.Ed.2d 199 (1957); *Lefkowitz v. Cunningham*, 431 U.S. 801, 807–08, 97 S.Ct. 2132, 2136–37, 53 L.Ed.2d 1 (1977). In a case where the life of a defendant was at stake the Supreme Court upheld a rule which forced a very hard choice. In *McGautha v. California*, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) *vacated on other grounds*, 408 U.S. 941, 92 S.Ct. 2873, 33 L.Ed.2d 765 (1972), a capital defendant had to choose whether to take the stand to plead for his life and surrender his right of silence or preserve his silence and permit the jury to condemn him without hearing from him. The Court noted the system was replete with legal hard choices (402 U.S. at 213, 91 S.Ct. at 1470); in criminal trials, whether to testify and open oneself to cross-examination or impeachment, whether to offer a defense and risk thereby the repair of a flawed case-in-chief, whether to give notice of a defense and risk giving valuable information to the prosecution. None of these choices were "overly harsh", (402 U.S. at 215, 91 S.Ct. at 1471), and the policies supporting the privilege against self-incrimination did not preclude pressure to testify on sentence at the risk of damage to the case on guilt. (402 U.S. at 217, 91 S.Ct. at 1472.)

Compared to the dilemma faced by McGautha, the defendant's choice is not so hard. The privilege he waives has no arguable constitutional basis and will not unless a general constitutional right of privacy is recognized. The policy supporting the privilege has been criticized and the privilege narrowly construed. *See* Wigmore, 6 *Evidence* sec. 2291 (McNaughten Rev.1961); McCormick, *Evidence* sec. 87 (3rd ed. 1984). Were the privilege constitutional

there simply would be no good reason to permit a party to claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice.

The Motion to compel is GRANTED.