**McCORMICK–MORGAN, INC., a California Corporation, Plaintiff and Counterdefendant,**

v.

**TELEDYNE INDUSTRIES, INC., a California Corporation, Defendant and Counterclaimant.**

**No. C 89–4338 SC.**

United States District Court, N.D. California.

April 19, 1991.

Thomas Smegal, Jr., Townsend & Townsend, San Francisco, Cal., for plaintiff and counterdefendant.

James G. Hunter, Jr., David A. York, Latham & Watkins, San Francisco, Cal., Frederick A. Lorig, Patrick F. Bright, Bright & Lorig, P.C., Los Angeles, Cal., for defendant and counterclaimant.

1. Teledyne offers evidence that MMI's counsel, Mr. Brown, wrote to Teledyne's counsel on September 25, 1990 stating that "MMI will waive the attorney-client privilege as to the subject matter of the advice given ... or communicated ... by any attorney regarding the validity, en-

## ORDER RE MOTION TO RECONSIDER DISCOVERY ORDER RE PRIVILEGE

CONTI, District Judge.

### I. Introduction

This motion came on for hearing before this court pursuant to Local Rule 410–2(a) providing for review of nondispositive pretrial matters originally determined by a magistrate. In this case, McCormick–Morgan, Inc. ("MMI") seeks a declaratory judgment finding a patent for air-conditioning aircraft invalid. Defendant Teledyne Industries, Inc. ("Teledyne") has counterclaimed for infringement against MMI and several of its directors and officers. MMI seeks to assert, as a defense against willful infringement charges, that it acted in reliance on advice of counsel. Teledyne claims that MMI, both by asserting this defense and by making an explicit waiver,[1] has waived the attorney-client privilege as to communications between counsel and MMI with respect to infringement, validity and enforceability of the patent-in-suit.

### II. Background

On February 11, 1991, Magistrate Judge Wayne Brazil, after hearing argument on the issue of waiver of the attorney-client privilege, 134 F.R.D. 275 found that, first, from the period up to and including April 16, 1990, MMI had waived the attorney-client privilege as to the following subject matter:

1) all communications from lawyer to client or from client to lawyer that relate to the validity, enforceability, or infringement of the patent in suit, and 2) all documents "relating to or referring to, constituting or supporting," (Brown's letter of September 25, 1990), and all documents contributing to "the basis of" (MMI's response to Teledyne's second request for production of documents) opinions communicated by lawyers for MMI

forceability, and/or infringement of the patent-in-suit, up to the date of the letter from Townsend and Townsend to American Airlines [April 16, 1990]." MMI made a similar statement of waiver in a response to Teledyne's document request on October 17, 1990.

to personnel at MMI relating to the validity, enforceability, or infringement of the patent in suit.

Second, Judge Brazil ordered that, from the period *after* April 16, 1990, MMI and its counsel must disclose only:

advice of counsel or information from counsel as to which both of the following are true: 1) the advice or information differed materially from advice or information received prior to that date, and 2) in context, the new and different advice and/or information is of such a character that it clearly would have led a reasonable person in MMI's position to conclude that selling its products would invade enforceable rights held by Teledyne under the patent in suit.

### III. Discussion

Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A) provide that a magistrate's non-dispositive order should be reversed on appeal if it is "clearly erroneous or contrary to law." Patentee Teledyne moves this court to reconsider and reverse the second portion of Judge Magistrate Brazil's ruling limiting the enforcement of the waiver as to advice rendered after April 16, 1990. Upon careful review of the parties' briefs and the law in this area, the court is convinced that the contested portion of Judge Magistrate Brazil's order is clearly erroneous or contrary to law and must be reversed.

█ The first, uncontested portion of Judge Magistrate Brazil's order stands on firm ground. In that portion, the judge found that MMI explicitly and unequivocally waived its privilege with respect to communications in specified subject areas through 1) the September 25, 1990 letter to Bright & Lorig (counsel for Teledyne), and 2) through the October 17, 1990 written response to Teledyne's request for production of documents. The pertinent parts of those two communications read as follows:

1. September 25, 1990 Letter to Bright & Lorig:

McCormick–Morgan and William Sewalk will accordingly waive the attorney-client privilege as to the subject matter of the advice given either of them or communicated to either of them by any attorney regarding the validity, enforceability, and/or infringement of the patent-in-suit, up to the date of the letter from Townsend and Townsend to American Airlines.
\* \* \*

All documents relating or referring to, constituting, or supporting such advice, including all documents dated prior to the letter to American Airlines included within this subject matter will be produced shortly; ... (emphasis added).

2. October 17, 1990 Written Response to Document Request

Plaintiff has decided to assert at trial the "advice of counsel" defense to Teledyne's charges of willful infringement. Plaintiff has thus waived the attorney client privilege ... 2) as to all documents, otherwise privileged, that are dated prior to about mid-April 1990 and that constitute communications with, or the basis of communications with, the client on the subjects of the validity and enforceability of the patent in suit or whether any activities or products of plaintiff infringe any valid claim of the patent in suit (emphasis added).

From these documents it is clear, as the judge found, that MMI explicitly waived its privilege even with respect to documents that otherwise might be protected by the work product doctrine, and even if the contents of those documents were not "communicated" to the client or do not record or directly allude to communications that were actually made to the client.

█ Accordingly, on the facts of this case, the scope of the waiver is properly defined by Judge Magistrate Brazil in the first portion of his order. However, under the law this court finds persuasive, and in light of policy considerations, it is not appropriate thereafter for the waiving parties or judge to limit the waiver on a temporal basis. The Ninth Circuit has held that voluntary disclosure of a privileged attorney/client communication constitutes a waiver of the attorney-client privilege as to all communications on the same subject

**614**

matter. *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir.1981). The rationale for this rule is that it would be unfair for a party to insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving. *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D.Cal.1975). The rationale has been extended to attempts to limit discovery to the time period prior to the voluntary waiver. *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 982 (D.Del.1982), *aff'd*, 758 F.2d 668 (Fed.Cir. 1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985).

Unlike in *Handgards*, here the court need not address the necessity for permitting discovery of communications otherwise privileged under the work product doctrine, since MMI explicitly waived its privilege as to those communications. The only limitation on the discovery is the scope of the subject matter, which has been established as set forth above. Accordingly this court reverses Judge Magistrate Brazil's limitation of the waiver to substantive advice rendered through April 16, 1990.

Generally, discovery may inquire into all information not otherwise privileged that is relevant to the subject matter of the action, as long as the information seems reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b); Cal.Civ.Proc.Code § 2016(b). Responses to discovery requests and interrogatories relating to the validity, enforceability, or infringement of the patent in suit could yield additional evidence relevant to the merits of Teledyne's claim. For instance, such responses might show that MMI received advice which contradicted its initial opinion of counsel and would therefore show that MMI's suit was maintained, or the patent infringed, in bad faith. Such evidence could rebut MMI's good faith reliance defense.

Although the text of MMI's October 17, 1990 response to Teledyne's document request asserts the attorney-client and work product privileges for the period from April

16, 1990, such attempt to assert the privileges fails in light of the explicit waiver immediately following. Parties and their counsel are responsible for knowing what to waive and how to waive it. A party cannot preserve a privilege in the face of an explicit, voluntary waiver such as the one in this case. MMI has defined the scope of its waiver, and must now face the consequences of its error in assuming it could limit its waiver temporally.

IV.  Conclusion

Accordingly, for the foregoing reasons, Judge Magistrate Brazil's order is REVERSED to the extent that it makes any changes to the boundaries of the subject matter of the waiver by MMI after April 16, 1990. The boundaries of the waiver as defined through April 16, 1990 shall be the boundaries of the waiver for all time subsequent to April 16, 1990.

IT IS SO ORDERED.