**136**

McNEIL–PPC, INC., Plaintiff,

v.

**The PROCTER & GAMBLE COMPANY, Procter & Gamble Distributing Company, and Procter & Gamble Paper Products Company, Defendants.**

**Civ. A. No. 90–B–2029.**

United States District Court,
D. Colorado.

July 11, 1991.

Philip S. Johnson, Dianne B. Elderkin, Lynn B. Morreale, Philadelphia, Pa., Frederick J. Baumann, Denver, Colo., for plaintiff.

Allen H. Gerstein, Carl E. Moore, Jr., Anthony Nimmo, Howard S. Fuhrman, Jeffrey S. Sharp, Chicago, Ill., H. Thomas Coghill, Paul E. Goodspeed, Denver, Colo., for defendants.

### ORDER

DONALD E. ABRAM, Chief United States Magistrate Judge.

Defendant Procter & Gamble Company ("P & G") has filed a Motion To Compel

Production of Withheld Infringement Tests under FED.R.CIV.P. 37(a). P & G has also filed a Motion to Compel Binding Election on the Issue of Privilege.

Pursuant to Rule 602(A) of the Local Rules of Practice of the United States District Court for the District of Colorado, Defendant's motions have been referred to Magistrate Judge Donald E. Abram. A hearing was held on June 13, 1991. Judge Abram has reviewed the briefs filed by both parties and hereby makes the following order.

## MOTION TO COMPEL PRODUCTION OF WITHHELD INFRINGEMENT DOCUMENTS

■ P & G has requested several documents dealing with patent infringement testing. PPC has denied discovery of these documents on the basis of work product. At the June 13th hearing PPC stated they were willing to turn over portions of six of the requested documents. This production is however not to be construed as a waiver of any type of privilege. PPC further requests that the portions which do not deal with patent infringement should be masked.

This Court has reviewed the questionable documents and is in agreement with McNeil PPC that the only applicable documents to the patent infringement testing are those included in *In Camera* Envelope "A". As to the remaining documents, Procter and Gamble has not met their burden of showing a substantial need for these particular documents. Nor are those documents discoverable under the work product privilege. The Documents in *In Camera* Envelope B should therefore be protected under the work-product privilege. It is therefore ordered that the documents in *In Camera* Envelope "A" should be produced to the extent that they have been highlighted. As to the remaining portions of those documents, they should be masked by PPC. Further, such production should not in any way be construed as a waiver of any privilege claimed by PPC.

## MOTION TO COMPEL BINDING ELECTION

■ P & G has also filed a motion which seeks to compel an election under the "exceptional case" provision of 35 U.S.C. § 285. Under that provision, a defendant who is put to the expense of defending a groundless suit for patent infringement may recover those expenses from a patentee who knew the suit was groundless. *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810–11 (Fed. Cir.1990). P & G asserts this is an "exceptional case" and will seek expenses from PPC. P & G asserts that Judge Kane held that PPC was likely to lose at trial. P & G asserts that such a finding supports their assertion that this is an "exceptional case."

■ Under the "exceptional case" provision, a person facing a claim may defend by showing that they relied on the opinion of counsel. *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 473 (Fed.Cir. 1985). However, such a reliance waives attorney-client and work-product privileges. *Abbott Laboratories v. Baxter Travenol Laboratories, Inc.*, 676 F.Supp. 831, 832 (N.D.Ill.1987). P & G asserts that if PPC is going to use the defense of reliance, they must waive the attorney-client and work-product privileges in a timely manner so as to permit pre-trial discovery into the basis of the opinions of counsel. P & G asserts that discovery should not be limited until after the trial, but that the required evaluation is that of the "totality of the circumstances". P & G further asserts that judicial administration requires that discovery take place now so that there does not have to be a separate trial solely on the issue of the "exceptional case" doctrine.

■ However, the "exceptional case" issue is *not* equivalent to that of "willful infringement". The doctrine of "exceptional case" is equivalent to a charge of "malicious prosecution." Indeed, like a malicious prosecution suit, the central focus is on the manner in which the litigation was brought and conducted. A malicious prosecution case, however, cannot be brought until there has been a conclusion of the trial in the movant's favor. *Weiszmann v.*

*Kirkland and Ellis,* 732 F.Supp. 1540, 1547 (D.Colo.1990) (Babcock, J.); *Donovan v. Gingerbread House, Inc.,* 536 F.Supp. 627, 632 (D.Colo.1982) (Kane, J.).

P & G has cited to several cases in support of the proposition that such an election should be made before the conclusion of trial and pretrial discovery. However, the cases cited by P & G do not support the proposition that the binding election must be made before the conclusion of the trial under 35 U.S.C. § 285. Indeed the purpose of 35 U.S.C. § 285 is to make a fair allocation of the burdens of litigation and to "balance equitable concerns as it determines whether and how to recompense a successful litigant." *S.C. Johnson & Son Inc. v. Carter–Wallace Inc.,* 781 F.2d 198, 201 (Fed.Cir.1986). Just as litigation on malicious prosecution is deferred until after trial of the underlying cause is complete, any litigation of the exceptional case issue must also be deferred until after a verdict and after the prevailing party has been determined. Therefore, any election of privilege should be made after the case has been tried and resolved.

The purpose of 35 U.S.C. § 285 is best served by delaying election. P & G should not be allowed to disrupt orderly discovery and preparation for trial. The work product privilege had its genesis in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In that case the Court recognized that attempts "to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties" were highly improper and prejudicial. *Hickman,* 329 U.S. at 510, 67 S.Ct. at 393. The Court thus enacted a rule that prevented opposing counsel from forging its way into a party's trial strategy. *Id.* Federal Rule of Civil Procedure 26(b)(3) was enacted in the wake of the Hickman case. The protections of the work-product privilege are important and should not be set aside lightly. Such an election would destroy the purpose behind the work product and attorney client privileges.

Further, merely because the preliminary injunction was denied by Judge Kane does not indicate that the merits of the litigation were decided by Judge Kane. Nor does it indicate that PPC has brought this litigation in bad faith. PPC is not required to make such an election as to the "exceptional case" issue until after the merits of the case has been presented to the jury and there has been a resolution in the movant's favor.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel production of documents is granted to the limited extent of the six documents found in *In Camera* Envelope A. In addition the non-highlighted portions of these documents should be masked before they are produced.

IT IS FURTHER ORDERED that Defendant's Motion to Compel Binding Election on the Issue of Privilege is denied. Plaintiffs should not be required to make such a binding election until after the verdict has been rendered.