**ELI LILLY AND COMPANY,**
**Plaintiff,**

v.

**ZENITH GOLDLINE**
**PHARMACEUTICALS, INC.,**
**Defendant.**

**No. IP 99–38–C H/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 6, 2001.

Ronald L. Grudziecki, R. Danny Huntington, Brian P. O'Shaughnessy, Burns, Doane, Zwecker Mathis, LLP, Alexandria, VA, Jan M. Carroll, Barnes & Thornburg, Indianapolis, IN, for plaintiff.

William L. Mentlik, Roy H. Wepner, Paul H. Wepner, Paul H. Kochanski, Michael H. Teschner, Lerner, David, Littenberg, Krumholz & Mentlik, LLP, Westfiled, NJ, Stephen E. Arthur, Harrison & Moberly, Indianapolis, IN, for defendant.

## ENTRY ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

HAMILTON, District Judge.

Plaintiff Eli Lilly and Company has sued defendant Zenith Goldline Pharmaceuticals, Inc. for infringing U.S.Patent No. 4,375,547. The '547 patent claims a compound called nizatidine, the active agent in Lilly's gastric antisecretory product called "Axid." On October 6, 1998, defendant Zenith amended its previously filed abbreviated new drug application to the Food and Drug Administration and asserted for the first time that the '547 patent was invalid. Zenith made this assertion under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), also known as a "Paragraph IV certification."

By statute, filing the Paragraph IV certification was an act of infringement of the '547 patent that gave rise to this action for infringement. Lilly claims the infringement was willful. On the issue of willfulness, Zenith is defending its action in part by contending it relied in good faith on the advice of counsel, thus waiving the attorney-client privilege to at least some extent. Two motions now before the court test the extent of that waiver.

Defendant Zenith has produced in discovery some attorney-client communica-

tions on the subject of the validity of the '547 patent. Plaintiff Lilly has moved to compel Zenith to produce additional documents and to respond to deposition questions regarding advice of counsel on the issue of invalidity. Lilly's motion focuses principally on privileged documents and communications after defendant received a written opinion of counsel dated November 12, 1998. Zenith opposes such relief and has moved for a protective order to suspend further discovery on the advice of counsel issue, contending that further discovery would be pointless.

I. *Later Modification or Supplements to the November 12, 1998, Opinion of Counsel*

Zenith acknowledges that it has waived the attorney-client privilege by relying on advice of counsel as a defense to the charge that the infringement is willful. See, *e.g., Electro Medical Systems, S.A. v. Cooper Life Sciences, Inc.,* 34 F.3d 1048, 1056–57 (Fed.Cir.1994); *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 643–44 (Fed. Cir.1991).

When a party relies on advice of counsel to defeat a charge of willfulness, the general rule is that the party waives the attorney-client privilege regarding all otherwise privileged communications on the subject of the advice. See, *e.g., Abbott Laboratories v. Baxter Travenol Laboratories, Inc.,* 676 F.Supp. 831, 832 (N.D.Ill. 1987); *Micron Separations, Inc. v. Pall Corp.,* 159 F.R.D. 361, 363–64 (D.Mass. 1995); see also *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1099 (7th Cir.1987) (applying Indiana law; "By offering an attorney's testimony to a specific communication, a client waives the attorney-client privilege only as to disclosure of other communications on the specific matter to which the attorney testified."), citing *Key v. State,* 235 Ind. 172, 132 N.E.2d 143, 145

(1956). A party waiving the privilege may not merely pick and choose, disclosing favorable communications and concealing unfavorable ones. *E.g., Abbott Laboratories,* 676 F.Supp. at 832. The question here is how broad Zenith's waiver was in this case.

Zenith says it received on October 5, 1998, an oral opinion from its patent counsel to the effect that the '547 patent is invalid. The next day, October 6, 1998, Zenith amended its pending abbreviated new drug application with the Paragraph IV certification claiming invalidity. On November 12, 1998, Zenith's patent counsel sent a written opinion letter following up on the October 5, 1998, telephone conference. On November 19, 1998, Zenith sent Lilly a notice letter regarding its Paragraph IV certification, and Lilly received the letter on November 30, 1998. On January 14, 1999, Lilly filed this action alleging infringement.

The principal dispute here is whether Zenith's waiver of the privilege extends to any subsequent modification of the opinion dated November 12, 1998. Zenith contends that the only act of alleged infringement in question here is its filing of the Paragraph IV certification. See *Eli Lilly & Co. v. Medtronic, Inc.,* 496 U.S. 661, 678, 110 S.Ct. 2683, 110 L.Ed.2d 605 (1990) (recognizing that such filing is a "highly artificial act of infringement" under 35 U.S.C. § 271(e)(2)); accord, *Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.,* 231 F.3d 1339, 1346 (Fed.Cir. 2000) (mere act of filing certification constitutes infringement). Zenith contends that its state of mind relevant to willfulness must be measured at the time of that act of infringement, so that later modifications or supplements to counsel's opinion would not be probative of its state of mind at the time of filing. In terms of waiver cases, Zenith contends the subject matter

as to which it has waived the privilege is its basis for the act of infringement—the filing of the Paragraph IV certification—and is thus limited to privileged communications probative of Zenith's state of mind at that relevant time.

■ Lilly responds by trying to pose a dilemma for Zenith. Lilly contends first that Zenith's act of infringement continues so long as the Paragraph IV certification remains pending before the FDA. On this theory, a later and different opinion from counsel would be relevant to willfulness at some point long after the Paragraph IV certification had been filed. Lilly points out correctly that a party relying on advice of counsel as a defense is not allowed to pick and choose which privileged communications on the relevant subject should be disclosed. A party "cannot remove the seal of secrecy from so much of the privileged communication as makes for his advantage, and insist that it shall not be removed as to so much as makes to the advantage of his adversary, or may neutralize the effect of such as has been introduced." *Western Union Tel. Co. v. Baltimore & Ohio Tel. Co.*, 26 F. 55, 57 (C.C.S.D.N.Y.1885), quoted in *Abbott Laboratories*, 676 F.Supp. at 832 (compelling disclosure of additional privileged opinions on infringement issue); see also *Thermos Co. v. Starbucks Corp.*, 1998 WL 781120, at *1 (N.D.Ill. Nov. 3, 1998) ("Principles of fairness also prevent a party from 'disclos[ing] opinions which support its position, and simultaneously conceal[ing] those [opinions] which are adverse.' "), quoting *Saint–Gobain/Norton Industrial Ceramics Corp. v. General Electric Co.*, 884 F.Supp. 31, 33 (D.Mass.1995).

In the alternative, Lilly contends, if the act of filing the certification is only a one-time act of infringement, then Zenith should not be allowed to rely on the November 12, 1998, written opinion from counsel, which was provided about five weeks after Zenith filed the Paragraph IV certification on the basis of a merely oral opinion from counsel on October 5, 1998.

■ "To establish willful infringement, a plaintiff must prove by clear and convincing evidence that the defendant acted with no reasonable basis for believing it had the right to do so." *State Industries, Inc. v. Mor–Flo Industries, Inc.*, 883 F.2d 1573, 1581 (Fed.Cir.1989). The willfulness of allegedly infringing activity is determined as of the date the activity began or the date on which the alleged infringer became aware of the patent, whichever is later. See *Jurgens v. McKasy*, 927 F.2d 1552, 1562 (Fed.Cir. 1991); accord, *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1276 (Fed.Cir.1999) ("The proper time to assess willfulness is at the time the infringer received notice," making the relevance of later developments "questionable at best.").

■ The court agrees with Zenith that the one-time act of infringement relevant to this case was its act of submitting the amended application with the Paragraph IV certification. The provision of the Hatch–Waxman Act of 1984 provides in relevant part: "It shall be an act of infringement *to submit*" an application under 21 U.S.C. § 355(j) for a drug claimed in a patent if the purpose of such submission is to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, or sale of a drug claimed in the patent before the expiration of the patent. 35 U.S.C. § 271(e)(2) (emphasis added). There is no indication in the language, and Lilly has cited no authority finding, that the statute treats failure to withdraw an application with a Paragraph IV certification as a continuing infringement.

Perhaps later legal or factual developments led to modified or supplemental opinions from Zenith's counsel. Such developments in this case might include the Federal Circuit's 2000 decision in *Yamanouchi Pharmaceutical, supra,* affirming a district court decision that had been criticized and distinguished in the November 12, 1998, written opinion to Zenith. Another such development might have been discovery of any "unexpected results" from Lilly's compound relevant to the defense of obviousness.

█ Such later developments, however, would not be probative of Zenith's state of mind when it undertook the act of infringement. See, *e.g., Odetics, Inc. v. Storage Technology Corp.,* 185 F.3d at 1276 (relevance of later developments "questionable at best"). Thus, even if later developments caused Zenith's counsel to modify their earlier opinion, Zenith has not waived the privilege as to such modifications. Cf. *In re Pioneer Hi-Bred International, Inc.,* 238 F.3d 1370, 1374–75 (Fed.Cir.2001) (reliance on and disclosure of advice of counsel on tax consequences of a merger waived attorney-client privilege "with respect to all documents which formed the basis for the advice, all documents considered by counsel in rendering that advice, and all *reasonably contemporaneous* documents reflecting discussions by counsel or others concerning that advice," but did not waive the privilege with respect to other matters (emphasis added)).[1]

Lilly contends, however, that Zenith's waiver extends to any privileged communications on the issue of validity up through the time of trial. To support this contention, Lilly relies on the broad principle that a waiver of the privilege applies to all communications on the same subject matter. See, *e.g., McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 765 F.Supp. 611, 613–14 (N.D.Cal.1991), citing *Weil v. Investment/Indicators, Research & Management, Inc.,* 647 F.2d 18, 24 (9th Cir.1981).

To support the application of this broad principle to this case, Lilly relies on *McCormick–Morgan,* in which the court held that a waiver of attorney-client privilege for purposes of asserting an advice of counsel argument against willful patent infringement should not be limited to a particular time period. Unlike this case, however, *McCormick–Morgan* appears to have been a case of continuing infringement. Also, the district court did not address the concerns that arise if and when a waiver is deemed to continue after the filing of litigation and even up to the time of trial, which had been addressed by Magistrate Judge Brazil in some detail. See 134 F.R.D. 275, 283–84 (N.D.Cal.1991), *rev'd in relevant part,* 765 F.Supp. at 613–14.

Lilly also relies on *Smith v. Alyeska Pipeline Service Co.,* 538 F.Supp. 977, 980–82 (D.Del.1982), *aff'd mem.,* 758 F.2d 668 (Fed.Cir.1984), which was cited by the district court in *McCormick–Morgan.* The court in *Smith* held that a waiver of the privilege on counsel's opinion on infringement applied to later communications on the same subject. *Smith* was a case in which the plaintiff claiming infringement had waived the privilege as to one opinion of counsel. The court ordered production of additional related attorney-client documents, but only for a period that ended five years before the lawsuit had been filed. See 538 F.Supp. at 982 (in case filed

---

**1.** There is no indication here that any later developments have called into question Zenith's ability to rely on the original opinion of counsel at the time it was provided, such as a hypothetical discovery that Zenith had failed to provide its counsel with important information which, if it had been provided, would have caused counsel to provide a different opinion on the patent's validity.

in 1981, ordering production of privileged documents written from 1973 to 1976). Thus, neither *McCormick–Morgan* nor *Smith* persuades this court that Lilly is entitled to open Zenith's attorneys' files on the issue of validity after the lawsuit was filed, let alone through the time of trial.

Another case on which Lilly relies is also readily distinguishable. In *Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361 (D.Mass.1995), the court required disclosure of attorney-client communications on patent issues that had occurred after communications as to which the defendant had already waived the privilege. The court reached its decision, however, precisely because the alleged infringement was continuing: "The reason for this is simply that when a party is charged with wilful infringement, what is relevant is that party's state of mind *during the time when it is taking actions which allegedly infringe the patent." Id.* at 363 (emphasis added). That reasoning does not apply here, where we have one act of infringement when Zenith submitted the Paragraph IV certification. Even in *Micron Separations,* moreover, the waiver was limited to communications before the lawsuit was filed. *Id.* at 365–66.[2]

For these reasons, the court agrees with Zenith that the waiver of the privilege for purposes of disputing willful infringement does not extend beyond, at the latest, Zenith's November 30, 1998, notice to Lilly that the Paragraph IV certification had been filed.

The second horn of the dilemma Lilly poses for Zenith is not ripe for decision at this point. Under Zenith's theory, it appears that the act of infringement occurred on October 6, 1998, when Zenith filed the Paragraph IV certification. The parties' current motions require the court to address only the scope of the waiver of the attorney-client privilege, not to determine whether or to what extent the November 12, 1998, written opinion is admissible and/or probative of Zenith's state of mind at the time of infringement. See generally *In re Pioneer Hi–Bred International, Inc.,* 238 F.3d at 1374–75 (waiver of privilege applied to "reasonably contemporaneous" communications on same subject).

In this case, because the act of infringement occurred when Zenith filed the amendment to its abbreviated new drug application to assert invalidity under Paragraph IV, the waiver of the attorney-client privilege does not extend to later communications. The court therefore denies Lilly's motion to compel production and deposition responses concerning modifications or supplements to the advice of counsel after November 30, 1998, including attorney work-product.

## II. *Additional Matters*

Lilly's motion to compel is denied with respect to document nos. 59, 60, 91, and 105 in Zenith's privilege log. The court also finds that the limited testimony given in the Krumholz deposition did not constitute a waiver that opened the door to all supplements or modifications of the October 5 and November 12, 1998, opinions. Further, the court is satisfied that Lilly has now had ample opportunity to conduct discovery on the issue of advice of counsel,

---

**2.** In cases of continuing infringement, courts have wrestled with how best to ensure that the scope of the waiver was fair to the opposing party while still providing appropriate protection for attorney work-product, including opinion work-product. In addition to *Micron Separations,* see, *e.g., Thermos Co. v.* *Starbucks Corp.,* 1998 WL 781120, at *4–*5 (N.D.Ill. Nov.3, 1998); *Clintec Nutrition Co. v. Baxa Corp.,* 1996 WL 153881, at *1 (N.D.Ill. Mar.28, 1996). Because this case involves a one-time act of infringement, this court need not address this delicate problem.

and the court therefore grants Zenith's motion for a protective order barring further discovery on the subject. The court finds that Lilly's positions on the motions at issue were substantially justified and therefore declines to award costs or fees pursuant to Fed.R.Civ.P. 37(a)(4).

So ordered.