**GUSTAFSON, INC., Plaintiff–Appellant,**

v.

**INTERSYSTEMS INDUSTRIAL PROD-UCTS, INC. and Hugo Wenshau, Defendants/Cross–Appellants.**

**Nos. 89–1383, 89–1410.**

United States Court of Appeals, Federal Circuit.

Feb. 22, 1990.

Gordon T. Arnold, of Richards, Harris, Medlock & Andrews, Dallas, Tex., argued for plaintiff-appellant. With him on the brief was V. Bryan Medlock, Jr.

Jerry R. Selinger, of Baker, Mills & Glast, Dallas, Tex., argued for defen-dants/cross-appellants. Of counsel were Martha E. Waters and Tori L. Smith, of Baker, Mills & Glast, and Bernard Malina, of Malina & Wolson, New York City.

Before MARKEY, Chief Judge, and BISSELL * and ARCHER, Circuit Judges.

MARKEY, Chief Judge.

Appeal from a judgment of the United States District Court for the Northern District of Texas, No. CA 3–83–1330–T. The district court determined that Gustafson, Inc.'s (Gustafson's) United States Patent Nos. 3,383,924 ('924) and 4,443,587 ('587) were not invalid and were willfully infring-ed by Intersystems Industrial Products,

---

* The Honorable Jean Galloway Bissell, who died on February 4, 1990, did not participate in the decision.

Inc. (Intersystems). The court awarded no damages to Gustafson, permanently enjoined Intersystems from "designing, manufacturing, or selling either its Model PTI sampler or Model PDP sampler," and awarded Gustafson attorney fees of $113,220.38. Gustafson appeals from the denial of damages. Intersystems cross-appeals from the injunction and the award of attorney fees. We reverse the award of attorney fees and affirm in all other respects.

## BACKGROUND

The '924 and '587 patents relate to devices that remove samples from pressurized pipes. On August 4, 1983 Gustafson sued Intersystems, alleging the latter's model PS sampler infringed claims 1–11 of the '924 patent.[1] On February 28, 1984, Gustafson's '587 patent issued and on June 7, 1984 Gustafson amended its complaint to assert that Intersystems's models PTI and PDP samplers infringed claims 1, 7, 15 and 16 of that patent.

The district court made these findings and conclusions: (1) Intersystems's model PS sampler infringed the '924 patent;[2] (2) Intersystems's models PDP and PTI samplers infringed the '587 patent under the doctrine of equivalents; (3) The inventions defined in the asserted claims of the '924 and '587 patents would not have been obvious, 35 U.S.C. § 103 (1982), and were not anticipated, 35 U.S.C. § 102 (1982); (4) If Gustafson's evidence were admissible, its lost profits would be $163,597; and (5) Gustafson "cannot recover damages because the Court cannot consider [Gustafson's] evidence of lost profits."

The district court having found that Intersystems had willfully infringed and that this is an exceptional case, awarded Gustafson attorney fees. The relative findings read in their entirety:

14. Defendant Intersystems was aware of the existence of Plaintiff's '924 patent as of the date Plaintiff's Original Complaint was filed.

15. Defendant Intersystems was aware of the existence of Plaintiff's '587 patent as of the date Plaintiff's First Supplemental Complaint was Filed.

16. Defendant Intersystems took no action to ascertain whether the samplers it was producing would infringe on Plaintiff's samplers patents.

17. Defendant designed, engineered and manufactured its Model PS sampler to compete with the Model R Gustafson sampler.

18. This is an exceptional case pursuant to 35 U.S.C. § 285.

## ISSUE

Whether the district court clearly erred in finding Intersystems's infringement willful.

## OPINION

### Introduction

The parties attempt to retry their cases on appeal. Except for the arguments on willfulness, none even remotely approaches a showing of reversible error. Hence a detailed discussion of those arguments would serve no useful purpose and would unduly lengthen this opinion.

It is sufficient to state that we find no reversible error in the district court's: (1) finding that Intersystems's model PTI and model PDP samplers infringed claims 1, 7, 15, and 16 of the '587 patent under the doctrine of equivalents; (2) holding that those claims had not been shown to be invalid; (3) excluding plaintiff's exhibit 29 as inadmissible hearsay, *Florida Canal Indus., Inc. v. Rambo*, 537 F.2d 200, 202 (5th Cir.1976) (report of third-party statement inadmissible); (4) awarding no damages to Gustafson because none were proven, *see Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.*, 895 F.2d

---

1. Gustafson also asserted infringement of its United States Patent No. 4,389,906. The district court held that patent invalid in a November 12, 1986 partial summary judgment not challenged by Gustafson in connection with this appeal.

2. The '924 patent expired on May 21, 1985. Hence Intersystems's challenge to the injunction relates only to the '587 patent.

1403, 1407 (Fed.Cir.1990); and (5) crafting the injunction. Accordingly, the judgment is affirmed in all respects save that part based on willful infringement.

### Willful Infringement

■■ Whether infringement is willful is a question of fact, findings on which are reviewable under the clearly erroneous standard of Rule 52(a), Fed.R.Civ.P. *CPG Prods. Corp. v. Pegasus Luggage, Inc.,* 776 F.2d 1007, 1015, 227 USPQ 497, 502 (Fed.Cir.1985). Willfulness is determined from the totality of the circumstances, *King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 867, 226 USPQ 402, 412 (Fed.Cir.1985), and must be proven by clear and convincing evidence, *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1440, 7 USPQ2d 1129, 1137 (Fed.Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988).

■ The district court found that Intersystems "took no action to ascertain whether the samplers it was producing would infringe." However, the district court also found that Intersystems was aware of each of the patents only "as of" the date on which suit was filed on each. Gustafson does not challenge that finding, but argues, from its version of bits and pieces of the record, that the court *might* have found earlier awareness of the patents. Gustafson forgets that we do not sit to find facts or to decide hypotheticals.

In a sequence of cases involving claims of willful infringement, this court has evolved a jurisprudence applicable to situations in which a product found an infringement at trial had been manufactured before the patent issued. In *State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236, 224 USPQ 418, 425 (Fed.Cir. 1985), State sued Smith twenty-two days after its patent issued and without notifying the defendant of the alleged infringement. Under the circumstances of that case, we overturned a finding of willfulness stating: "[t]o willfully infringe a *patent,* the patent must exist and one must have knowledge of it." *Id.,* 751 F.2d at 1236, 224 USPQ at 425 (emphasis in origi-

nal). Under the same circumstances, we sustained a finding of nonwillfulness in *American Original Corp. v. Jenkins Food Corp.,* 774 F.2d 459, 465, 227 USPQ 299, 302–03 (Fed.Cir.1985). In *Power Lift, Inc. v. Lang Tools, Inc.,* 774 F.2d 478, 482, 227 USPQ 435, 438 (Fed.Cir.1985), we sustained a jury finding of willful infringement, distinguishing *State Industries* because Lang had been earlier warned and knew of the patent the day it issued. In *Shiley, Inc. v. Bentley Laboratories, Inc.,* 794 F.2d 1561, 1568, 230 USPQ 112, 115 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1087, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1987), we sustained a jury finding of willfulness, explaining that *State Industries* did not lay down a *per se* rule that willful infringement could never be found when manufacture began before issuance of a patent, and applied the "totality of the circumstances" guideline applicable to willful infringement generally, as in *Central Soya Co. v. George A. Hormel & Co.,* 723 F.2d 1573, 1577, 220 USPQ 490, 492 (Fed.Cir.1983), *King Instrument,* 767 F.2d at 867, 226 USPQ at 412, and *Machinery Corp. v. Gullfiber AB,* 774 F.2d 467, 473, 227 USPQ 368, 372 (Fed.Cir.1985). In *Pacific Furniture Mfg. Co. v. Preview Furniture Corp.,* 800 F.2d 1111, 1114–15 n. 9, 231 USPQ 67, 69 n. 9 (Fed.Cir.1986), wherein defendant started manufacture before issuance of the patent of which it had warning, we sustained a finding of willful infringement in light of all of the circumstances. We did the same in *Kaufman Co. v. Lantech, Inc.,* 807 F.2d 970, 979, 1 USPQ2d 1202, 1208–09 (Fed.Cir.1986). In *Rolls–Royce Ltd., v. GTE Valeron Corp.,* 800 F.2d 1101, 1110, 231 USPQ 185, 191 (Fed.Cir.1986), we sustained a finding of nonwillfulness saying "in respect of willfulness, there cannot be hard and fast *per se* rules."

■ It is obvious that a party cannot be held liable for "infringement", and thus not for "willful" infringement, of a *nonexistent* patent, i.e., no damages are payable on products manufactured and sold before the patent issued. Whether an act is "willful" is by definition a question of the actor's *intent,* the answer to which

must be inferred from all the circumstances. Hence a party cannot be found to have "willfully" infringed a patent of which the party had no knowledge. Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit. Exercising due care, *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389, 219 USPQ 569, 576 (Fed.Cir.1983), a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer. That such a defense proves unsuccessful does not establish that infringement was willful. Presentation in bad faith of a totally unsupportable, frivolous defense may in itself provide a basis for attorney fees under section 285 and may, in light of all the circumstances, also constitute some evidence that continued infringement was willful. *See Kaufman,* 807 F.2d at 979, 1 USPQ2d at 1209. There is no finding here that Intersystems's defenses were frivolous. That fact, coupled with Intersystems's simultaneous receipt of knowledge of the patent and a court summons, precludes a finding of willfulness.

In our patent system, patent applications are secret, and patentees are authorized to sue "innocent" manufacturers immediately after their patents issue and without warning. To hold such patentees entitled to increased damages or attorney fees on the ground of willful infringement, however, would be to reward use of the patent system as a form of ambush.

Because nothing of record indicates that Intersystems knowingly acted in disregard of Gustafson's patent rights, the finding of willful infringement cannot stand.

### Attorney Fees

At oral argument, Gustafson admitted that the award of attorney fees was based solely on the finding of Intersystems's willful infringement. Because that finding is clearly erroneous, no basis exists for designating this an "exceptional" case or for granting attorney fees. *See State Indus.,* 751 F.2d at 1238, 224 USPQ at 426. An award of attorney fees without basis in the record is an abuse of discretion. *See Shatterproof Glass Corp. v. Libbey–Owens Ford Co.,* 758 F.2d 613, 629, 225 USPQ 634, 644 (Fed.Cir.1985). Hence we reverse that part of the judgment awarding attorney fees to Gustafson.

AFFIRMED IN PART AND REVERSED IN PART.