**ADI GROUP, INC., Plaintiff,**

v.

**RD OFFUTT COMPANY, INC., RDO Frozen Co., Inc., RDO Foods Co., Inc., Defendants and Third–Party Plaintiffs,**

v.

**Environmental Fabrics, Inc., Liesch Associates, Inc., f/k/a B.A. Liesch Associates, Inc., Dennis Shanklin, Rice Lake Contracting Corp., Innes Construction Co., Inc. and City of Park Rapids, Third–Party Defendants.**

**No. CIV.98–1986(DSD/JMM).**

United States District Court, D. Minnesota.

July 30, 2001.

---

Jeffer Ali, Merchant & Gould, Minneapolis, MN, for plaintiff.

John Lester Krenn, Gray Plant Mooty Mooty & Bennett, Minneapolis, MN, for defendants.

### MEMORANDUM

MASON, United States Magistrate Judge.

The Court has placed on the record its reasons for granting the Motion to Amend and to Assert a Third–Party Claim.

■ Plaintiff's Motion to Compel is presented in the context of Plaintiff's Complaint alleging that Defendants' infringement of the patent at issue in this suit was willful. A finding of willful infringement permits (but does not require) treble damages under 35 U.S.C. § 284, and the recovery of a reasonable attorney fees as an "exceptional case" under 35 U.S.C. § 285. *E.g. S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.,* 781 F.2d 198, 201 (Fed.Cir. 1986); *Kloster Speedsteel AB v. Crucible, Inc.,* 793 F.2d 1565, 1579 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987).

■ The standard for determining willfulness is well-defined in *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936, 944 (Fed.Cir.1992): The defendant's "intent and reasonable beliefs are the primary focus of a willful infringement inquiry. *See Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1565, 219 U.S.P.Q. 377, 388 (Fed.Cir. 1983) ('The court must determine … that the infringer had no reasonable basis for believing that it had a right to do the acts.')" Plaintiff relies upon the elaboration of this general duty, as set forth in *Underwater Devices Inc. v. Morrison–Knudsen Co., Inc.,* 717 F.2d 1380, 1389–90, (Fed.Cir. 1983):

> Where, as here, a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing…. Such an affirmative duty includes, *inter alia,* the duty to seek and obtain competent legal advice from counsel *before* the initiation of any possible infringing activity.

If a party has a reasonable basis for believing that it had a right to do the acts complained of, its conduct is not willful, even if it is later determined that it had no such right. One method of seeking to establish the fact that it believed its conduct was permissible is to obtain and opinion of counsel, upon learning of the patent. But even this opinion is not dispositive. As the court stated in *Ortho:*

> While an opinion of counsel letter is an important factor in determining the willfulness of infringement, its importance does not depend upon its legal correctness. Indeed, the question arises only where counsel was wrong. Rather, counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent in invalid, not infringed, or unenforceable.

*Ortho,* 959 F.2d at 944.

In this context, Plaintiff served Interrogatory No. 29 upon Defendants, seeking

to learn whether they would "rely upon an opinion of counsel as a defense to ADI's charge of willful infringement." If so, they were required to identify the attorney who issued the opinion, the date the opinion was requested, and the date it was received. Defendants provided a narrative response which generally stated that the opinion was requested after suit commenced, was received orally from Lawrence Nawrocki, Esq. on September 17, 1998, and described the opinion which had been rendered. Nawrocki's extensive deposition was then taken on this subject, and his file was produced, but information and questions were limited to the period ending in February of 1999.

Plaintiff's Motion seeks an Order requiring that Defendants produce all opinions rendered by Mr. Nawrocki after February, 1999, all documents relied on or considered by him as to those later opinions, and that he be produced for a deposition on those subjects. Plaintiff contends that the information is needed in order to be able to demonstrate that reliance on the September, 1998 opinion was not in good faith. It points out that a party generally may not provide an opinion which favors its conduct, while withholding other contemporaneous opinions which contradict that position. *E.g. Abbott Laboratories v. Baxter Travenol Laboratories, Inc.,* 676 F.Supp. 831, 832 (N.D.Ill.1987). Plaintiff's view is that they need the additional information in order to be able to offer evidence to contradict Defendants' claimed reliance on the opinion of Mr. Nawrocki.

■■■ Plaintiff's argument overlooks key differences between this case and the cases upon which it relies. The most fundamental difference is that in this case, it is not likely that Defendants will offer evidence of their reliance on the opinion of

Mr. Nawrocki at trial. Defendants contend that the first notice they had of Plaintiff's patent was when they were served with the Complaint.[1] While it is true, as noted, that failure to produce evidence of justified reliance upon an opinion of counsel can warrant an inference of willfulness, no duty to obtain such an opinion arises where the defendant does not have actual knowledge of the patent prior to suit. No adverse inference may be drawn from the failure to obtain an opinion of counsel if the party's first knowledge of the patent came with the service of the Complaint.

> Where a party's first notice of alleged infringement is the Complaint itself, it would elevate form over substance to require the Defendant to obtain a legal opinion separate from that of the attorneys it retains to defend it in the litigation, and it would be improper to permit an adverse inference to be drawn from the absence of such an opinion.

*Minnesota Mining and Manufacturing Co. v. Lake Country Manufacturing, Inc.,* 918 F.Supp. 1307, 1319 (D.Minn.1996). *See also State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed.Cir. 1985). *Cf. Gustafson Inc. v. Intersystems Industrial Products, Inc.,* 897 F.2d 508, 510–11 (Fed.Cir.1990). Thus, where a party's first knowledge of the patent is the commencement of litigation, evidence of its reliance on the opinion of counsel comes in the form of the defense it undertakes at trial, and these opinions of trial counsel are not required to be disclosed. At the end of the trial, however, the reasonableness of the reliance upon counsel may still be tested. For example, as the Court noted in *Gustafson,* 897 F.2d at 511:

> Presentation in bad faith of a totally unsupportable, frivolous defense may in

---

1. Plaintiff disputes this contention, and argues that Defendants learned much earlier. This does not alter our view of the instant motion, since Defendants do not claim to have sought legal advice at an earlier date.

itself provide a basis for attorney fees under section 285 and may, in light of all the circumstances, also constitute some evidence that continued infringement was willful.

Even if Defendants choose to offer evidence at trial that their conduct was not willful by reason of their reliance on the September 17, 1998 opinion of counsel, Plaintiff is fully armed to respond. The Motion to Compel is denied, because Defendants have disclosed all of the facts relating to the opinion on which they relied, and all other contemporaneous materials. Materials related to opinions which may have been obtained after February of 1999 are not relevant to the question of Defendants' reasonable reliance upon the earlier opinion of counsel when it was received. If it were established, or even claimed, that Defendants had obtained more than one opinion and had chosen to ignore all which disagreed with its position, a different circumstance would be presented.

Plaintiff's Motion also seeks an Order that "defendants shall produce any and all documents relating to the subject of the advice Mr. Nawrocki gave at the September 17, 1998 meeting." Plaintiff contends that the attorney-client privilege was waived as to this meeting, because there were other persons present who were neither attorney nor client. Defendant disputes this point as a factual matter, but contends that the point is moot, because it has fully produced all documents, and has subjected Mr. Nawrocki to a complete deposition as to the substance of the meeting.

We conclude that the relief sought as to this part of the Motion should also be denied. As a procedural matter, we have not been made aware of the discovery device by which these documents were sought, so it is not clear that there is an issue for the Court to resolve. *See* Local Rule 37. We also conclude as a substan-

tive matter that Plaintiff has not sustained its burden of demonstrating that an Order should issue as prayed for. As phrased, the relief sought is overbroad, since virtually all of the documents in this case would in some way "relate to the subject of the advice" given. In any event, the Court is not persuaded that Defendants have failed to produce the documents which are contemporaneous with that opinion.

## ORDER

The above matter came on for hearing before the undersigned on July 24, 2001 upon Plaintiff's Motion to Compel [Docket No. 82] and Defendants' Motion for Leave to Amend Answer and Counterclaim and to Assert Third–Party Claim [Docket No. 85]. Jeffer Ali, Esq. appeared on behalf of Plaintiff; John Krenn, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Compel [Docket No. 82] is denied.

2. Defendants' Motion for Leave to Amend Answer and Counterclaim [Docket No. 85] is granted. Defendants' Amended Answer and Counterclaim as submitted to the Court is deemed served and filed as of July 24, 2001.

3. Defendants' Motion to assert a Third–Party Claim [Docket No. 85] is granted. Defendant shall cause said Third–Party Complaint to be served promptly.