ROBERT W. SWEET, District Judge *459 Defendants Daktronics, Inc. and Daktronics Hoist, Inc. ("Daktronics" or the "Defendants") move for summary judgment on the issue of willful infringement, a claim that was brought by Plaintiff Olaf Sööt Design, LLC ("OSD" or the "Plaintiff"). Defendants also move for sanctions under 28 U.S.C. Section 1927 in response to Plaintiff's Rule 37 motion for relief based on alleged discovery misconduct. For the reasons set forth below, Defendants' motion for summary judgment is granted. Plaintiff's motion for Rule 37 sanctions is denied. Defendants' cross-motion for sanctions under 28 U.S.C. Section 1927 sanctions is denied.
Prior Proceedings
The following factual background is set forth only as necessary to resolve the instant motions. A comprehensive factual background detailing the '485 Patent infringement claims, this Court's claim constructions, and the denial of Defendants' summary judgment motion can be found in prior opinions of the Court. See Olaf Soot Design, LLC v. Daktronics, Inc., 220 F.Supp.3d 458, 462 (S.D.N.Y. 2016), reconsideration denied, No. 15 Civ. 5024 (RWS), 2017 WL 2191612 (S.D.N.Y. May 17, 2017). Familiarity with these opinions, as well as the facts of this case, is assumed.
The '485 Patent covers a winch system designed to move large theatre scenes on and off stage quickly and efficiently, replacing the cumbersome counterweight systems that came before it. Olaf Soot Design, LLC v. Daktronics, Inc., 220 F.Supp.3d at 458.
On June 25, 2015, Plaintiff, an engineering and design company specializing in the performing arts, brought this action alleging patent infringement as to U.S. Patent No. 6,520,485 ("the '485 Patent") against Defendants, two corporations engaged in the manufacture and sale of theatre rigging equipment and winch systems.
On October 26, 2016, after hearing Plaintiff's motion for claim construction and Defendants' motion for summary judgment, the Court construed twelve claim constructions on the '485 Patent and denied Defendants' summary judgment motion on the issue of non-infringement. Dkt. 72.
On May 17, 2017, Defendants' motion for reconsideration on this Court's denial of summary judgment was denied. Dkt. 137.
On October 26, 2017, Plaintiff's motion to amend its complaint to add the claim of willful infringement which is now before this Court was granted. Dkt. 176.
On January 30, 2018, Defendants moved for partial summary judgment on the basis that they had not willfully infringed on the '485 Patent. Dkt. 200. The same day, Plaintiff moved for relief under Rule 37, alleging non-compliance with discovery obligations.
On February 22, 2018, in response to Plaintiff's Rule 37 motion, Defendants cross-moved this Court for sanctions under 28 U.S.C. § 1927, requesting "costs and attorney's fees in responding to [Plaintiff's] Motion for Relief under Fed. R. Civ. P. 37." Dkt. 223, at 1.
On March 14, 2018, Defendants' motions for partial summary judgment, Plaintiff's motion for Rule 37 relief, and Defendants' motion for Section 1927 sanctions were heard and marked fully submitted.
*460 Applicable Standard
Summary Judgment
Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52, 106 S.Ct. 2505. A court is not charged with weighing the evidence and determining its truth at the summary judgment stage. Rather, it must determine whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y.C. Transit Auth., 735 F.Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249, 106 S.Ct. 2505 ). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48, 106 S.Ct. 2505 (emphasis in original).
Relief under Federal Rule 37
Federal Rule of Civil Procedure 37(b) provides for penalties against parties that "fail to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When such a finding is made, district courts have "broad discretion in fashioning an appropriate sanction" under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) ; Fed. R. Civ. P. 37(b)(2)(A).
When discovery orders are disobeyed, courts may strike pleadings, stay proceedings, hold parties in contempt of court, render a default judgment, or draw an adverse factual designation against the disobeying party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).
An adverse factual designation may be appropriate where a party knowingly fails to produce relevant evidence despite having control over that evidence, and an obligation to produce the same. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).
A court must "consider the extent to which the prevailing party has been prejudiced by the defaulting party's noncompliance and must ensure that any sanction imposed is just and commensurate with the failure to comply." Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc., 323 F.R.D. 167, 174 (S.D.N.Y. 2017) (internal citations and quotation marks omitted). However, dismissal can be "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ).
Additionally, Rule 37 provides that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).
*461 Sanctions under 28 U.S.C. § 1927
28 U.S.C. Section 1927 authorizes sanctions where "an attorney so multiplies proceedings and engages in vexatious conduct in bad faith." In re Auction Houses Antitrust Litig., 00 Civ. 0648 (LAK) (RLE), 2004 WL 2624896, at *5, 2004 U.S. Dist. LEXIS 23351, at *18 (S.D.N.Y. Nov. 17, 2004) ; 28 U.S.C. § 1927. A federal District Court has the authority, when an attorney's conduct crosses the line from "misunderstanding, bad judgment, or well-intentioned zeal," to frivolousness and harassment, to assess costs, including attorneys' fees, against that attorney. Veneziano v. Long Island Pipe Fabrication & Supply Corp, 238 F.Supp.2d 683, 694 (D.N.J. 2002) ; 28 U.S.C. § 1927.
Defendants' Summary Judgment Motion is Granted
In order "to willfully infringe a patent, the patent must exist and the accused infringer must have knowledge of it." State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 ; see also Investment Technology Group, Inc. v. Liguidnet Holdings, Inc., 759 F.Supp.2d 387, 410 (S.D.N.Y. 2010). It is well-settled that knowledge of the non-infringer's patent is a necessary element to a claim of willful infringement. See id.; see also Gustafson, Inc. v. Interstates Indus. Prods., Inc., 897 F.2d 508, 511 (Fed. Cir. 1990) ("Hence a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge.") Stickle v. Heublein, Inc., 716 F.2d 1550, 1565 (Fed. Cir. 1983) (affirming willfulness finding where defendant "knew of the '023 patent" "but failed to investigate the scope of the patent or seek the opinion of competent counsel"); Stryker Corp. v. Intermedics Orthopedics, Inc., 96 F.3d 1409, 1414 (Fed. Cir. 1996).
Knowledge must be shown "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Pecorino v. Vutec Corp., 934 F.Supp.2d 422, 450 (E.D.N.Y. Nov. 30, 2012) ; see also Halo Electronics v. Pulse Electronics 136 S.Ct. at 1926. ("A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages[.]"). "Knowledge" is defined for this purpose as "knowledge of the allegedly infringed patent and its claims." Va. Innovation Scis., Inc. v. Samsung Elecs. Co., 983 F.Supp.2d 700, 706 (E.D. Va. 2013) ; Fuzzysharp Techs., Inc. v. Nvidia Corp., 2013 WL 4766877, at *2-3, 2013 U.S. Dist. LEXIS 126989, at *7 (N.D. Cal. Sept. 4, 2013) ; Rembrandt Soc. Media, LP v. Facebook, Inc., 950 F.Supp.2d 876, 882 (E.D. VA. 2013).
Where a judicial determination of willful infringement is made, federal courts have broad discretion to "increase the damages up to three times the amount found or assessed" under 35 U.S.C. 284. The Supreme Court has held that, while district courts are given such discretion "free from [ ] inelastic constraints," enhanced damages "should generally be reserved for egregious cases typified by willful misconduct." Halo Electronics v. Pulse Electronics, 136 S.Ct. 1923, 1933-34. The Halo Court was careful to note, however, that "none of this is to say that enhanced damages must follow a finding of egregious misconduct." Id. at 1933 (emphasis added).
Here, at summary judgment, Defendants must show that there is no triable issue of material fact on the issue of willfulness. If Defendants can point to an absence of record evidence concerning its knowledge of the '485 patent and its claims-an essential element to a willful infringement claim-summary judgment is proper. See Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) ("[I]n *462 cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ).
Defendants, having shown by clear and convincing evidence an absence of evidentiary support for the essential element of knowledge, make that showing. Summary judgment on the issue of no willful infringement is therefore proper.
Plaintiff urges the Court to examine the "extensive evidence of knowledge" in this case. Pl. Opp. at 14. First, Plaintiff points to the 2006 purchase of the Hoffend winch company-along with its Vortek product-as evidence of Daktronics's "pre-suit knowledge of the '485 patent and its relationship to the Vortek Product." Pl. Opp. at 14-15. According to Plaintiff, Defendants ignored an "obvious risk of infringement" in making the purchase and hiring former Hoffend employees. Id. at 15. Regarding the 2006 purchase, Plaintiff makes two arguments: first, that Daktronics acquired whatever knowledge Hoffend had simply by purchasing them; and second, that through due diligence Daktronics acquired substantive information about Hoffend's intellectual property, including the '485 patent.[1]
First, Plaintiff cites no case law in support of the proposition that, in purchasing a company, an acquirer adopts the knowledge of its target for purposes of willful patent infringement. The Court finds no such case law.
Second, as to due diligence, Daktronics contends that "the only evidence is that Daktronics did not conduct any due diligence of those patents when it bought the Hoffend business." Dkt. 236 at 10 ("Nor did it receive a copy of the [patent] file histories."). There is simply no evidence in the record to suggest Daktronics conducted substantive due diligence into Hoffend's patents and their claims to determine potential infringements. And it is well-settled in this Circuit that "speculation cannot defeat summary judgment." Orange Re'l Med. Ctr., 690 Fed.Appx. 736, 740 (2d Cir. 2017) (concerning knowledge of corporate officers); Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) ; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (to defeat summary judgment, the non-moving party "may nor rely on conclusory allegations or unsubstantiated speculation. ") (emphasis added). There is no record of due diligence concerning the '485 patent. Nor is there an indication that Daktronics itself received-let alone reviewed-the patent file histories containing the '485 patent.
Besides, Daktronics negotiated and received a representation and warranty that Hoffend "did not infringe any intellectual property rights." Dkt. 236 at 11. Whether a Daktronics should have inquired into existing patents before the acquisition is a question for another day. This Court must determine whether the record contains a triable issue of material fact concerning Daktronics' knowledge of the '485 patent such that a reasonable jury could find willful infringement.
*463 Plaintiff then suggests that its outside patent prosecution counsel, Schwegman, Lundberg, Woessner & Kluth, P.A. ("Schwegman"), had knowledge of the '485 patent, and thus Daktronics must have "developed intimate knowledge" of the same. Plaintiff alleges that Daktronics "had to review the '485 Patent against its Vortek patents and formulate a strategy for responding to the rejections" from the Patent office. (D.I. 215, p. 18). But this contention is belied by the record evidence, including direct testimony from Daktronics, and the communications themselves.
First, the only correspondence between the Schwegman Firm and Daktronics regarding the '485 Patent lends no support to Plaintiff's view that there is "extensive evidence of knowledge" in the record.
As outside patent prosecution counsel, Schwegman wrote Daktronics in 2011 to advise it that a response to a USPTO patent rejection would be drafted, "without requiring any work on DAK's end." Dkt. 204, Ex. B at 2.[2]
Responding to a similar patent rejection in 2014, Schwegman advised Daktronics that it would "make a relatively easy response" to the USPTO and that "the references cannot legally be used against us."[3] Dkt. 204, Ex. C. Attached to this email was a copy of the '485 patent, with a note written in red text by Schwegman that reads "Not prior art." Dkt. 204, Ex. D. There is no evidence that Daktronics reviewed the email attachment, let alone '485 's individual claims. Nor could it have, as Daktronics did not have any patent prosecution attorneys on staff. Dkt. 204, Ex. A at 3.
Right or wrong, Daktronics appears to have taken counsel's advice by not doing substantive research into the '485 patent. See Wendler Decl. at 4 ("Following counsel's advice I did not review the '485 Patent"); Id. ("Again, following counsel's advice I did not review the '485 Patent"). On these facts, a finding of willful patent infringement, which is "generally [ ] reserved for egregious cases typified by willful misconduct," is inappropriate. Halo, 136 S.Ct. at 1934.
At most, the emails are fairly read as providing Daktronics with notice of the '485 patent 's existence. However, Schwegman clearly advised Daktronics against further action with regard to the '485 patent. Perhaps Daktronics should have looked into the matter further, against the advice of counsel, and sought a second opinion. Nevertheless, there being no evidence that further action was taken, willfulness cannot be established. See Radware, Ltd. V. F5 Netowrks, Inc., No. 5:13-CV-0204-RMW, 2016 WL 4427490, at *4, 2016 U.S. Dist. LEXIS 112504, at *13 (N.D. Cal. Aug. 22, 2016) (dismissing the "incorrect[ ] suggesti[on] that willfulness can be proven by negligence; the Supreme Court has ruled that 'intentional or knowing' infringement may warrant enhanced damages.") (quoting *464 Halo, 136 S.Ct. at 1933 ); see also Greatbatch Ltd. v. v. AVX Corp. and AVX Filters Corp., 2016 WL 7217625, at *2 n.3, 2016 U.S. Dist. LEXIS 171939, at *6 n.3 (D. Del. Dec. 13, 2016) ("Where, as here, a party fails to adduce sufficient evidence to support a reasonable jury finding a subjective intent to infringe, that party's willful infringement claim may not survive a motion for summary judgment.").
Nor is Schwegman's work preparing information disclosure statements ("IDS") suggestive of willfulness by Daktronics. First, there is no evidence that Daktronics participated in any way in the creation or review of the IDSs that listed the '485 patent. Moreover, it is Daktronics's practice "not to review the IDS's." Dkt. 204, Ex. A at 5. Even if Daktronics had reviewed one or all of the IDSs that listed the '485 patent as prior art, reference to the '485 patent is buried among 139 patents listed on one such IDS. Dkt. 204, Ex. E at 6. And courts have held that such citations to patents-in-suit are insufficient to prove knowledge for purposes of willful infringement. See DermaFocus LLC v. Ulthera, Inc., 201 F.Supp.3d 465, 471 (D. Del. 2016) (finding "no plausible inference arises from the alleged facts that defendant had knowledge" where patent-in-suit was listed as one of seven prior art references in an IDS); see also Callwave Communications LLC v. AT & T Mobility LLC, 2014 WL 5363741, at *2 (finding "citation to the [patent-in-suit] in multiple Information Disclosure Statements," without more, "insufficient to support an allegation of willfulness")
Plaintiff devotes a significant portion of its brief to the argument that whatever knowledge Schwegman had of the '485 patent should be imputed to Daktronics based on an agency-principal theory. Plaintiff has not brought to the Court's attention a single case holding that knowledge from outside legal counsel is imputable to a client corporation for purposes of willful patent infringement. The Court finds no such cases.
Nor does Daktronics's sale of ten Vortek units after the Complaint was filed in this case establish willfulness. Def. Opp. at 15. As the parties well know, this Court held that there was no literal infringement of the '485 patent. Dkt. 72. The outstanding issue to be resolved with regard to infringement-equivalent infringement-is a question of fact for the jury. Accordingly, Daktronics's sale of ten products post-suit, while under a reasonable belief of non-infringement-as evidenced by its motion for summary judgment on non-infringement-does not import the type of egregiousness required to establish willful infringement.
A finding of no willfulness is consistent with the evidence in its entirety. There is no record evidence that Schwegman, let alone Daktronics, knew of the '485 patent 's individual claims or that either party believed there was infringement of any kind before this suit was filed. See discussion supra. Even if Schwegman had acquired substantive knowledge of the '485 patent through the course of its work for Daktronics, the record does not support a finding that such information was shared with Daktronics.
Because there is no evidence that Daktronics acquired substantive knowledge of the '485 patent -whether on its own or through counsel-and because such knowledge cannot be imputed, there are no material facts from which a reasonable jury could conclude Daktronics had "knowledge of the allegedly infringed patent and its claims." Innovation Scis., Inc. v. Samsung Elecs. Co., 983 F.Supp.2d 700, 706 (E.D. Va. 2013). Summary judgment is granted.
*465 Plaintiff's Rule 37 Motion is Denied
Where a party "fail[s] to obey an order to provide or permit discovery," a district court has "broad discretion in fashioning an appropriate sanction" under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) ; Fed. R. Civ. P. 37 (b)(2)(A)(v) ; Fed. R. Civ. P. 37(b)(2)(A). Among the appropriate sanctions, courts may enter adverse inference instructions, which is a "severe sanction," appropriate only where the offending party's conduct is "willful or culpable." R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 52 (S.D.N.Y. 2010), Luft v. Crown Publishers, Inc., 906 F.2d 862, 866 (2d Cir. 1990).
Plaintiff requests that this Court impose sanctions under Rule 37 by entering an adverse inference instruction regarding Daktronics's pre-suit knowledge of the '485 patent. This request stems from a this Court's 2017 order that Daktronics produce "all materials within its custody or control that are responsive to each of Plaintiff's Requests for Production" and to designate a 30(b)(6) witness to testify. Dkt. 128.
Plaintiff argues that Daktronics, in its production of relevant documents, and its preparation of its 30(b)(6) witness, Mr. Wendler, willfully failed to comply with a Court order. Dkt. 199.
To the extent Daktronics's productions have been unsatisfactory to Plaintiff, there is no indication of willfulness. For example, Daktronics named Mr. Wendler as its 30(b)(6) witness, listing certain issues about which he would, and ultimately did, testify. Defendants did not object then, and their belated attempt to do so now falls short of establishing willfulness. Plaintiff's displeasure with the outcome of that deposition cannot form the basis of an adverse factual inference at this stage.
Nor can Daktronics's failure to seek documents from Schwegman support an adverse inference. Shcherbakovskiy v. De Capo Al Fine. Ltd., 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party also need not seek such documents from third parties if compulsory process against third parties is available").
There being no evidence that Defendants have willfully violated Court-ordered discovery in this case, the motion for sanctions is denied.
Defendant's Section 1927 Motion for Sanctions is Denied
Under 28 U.S.C. 1927, sanctions are proper where "an attorney so multiplies proceedings and engages in vexatious conduct in bad faith." In re Auction Houses Antitrust Litig., 00 Civ. 0648 (LAK) (RLE), 2004 WL 2624896, at *5, 2004 U.S. Dist. LEXIS 23351, at *18 (S.D.N.Y. Nov. 17, 2004) ; 28 U.S.C. § 1927.
Defendant seeks attorneys' fees and costs based on Plaintiff's motion for Rule 37 sanctions, which it calls "shockingly meritless."
Bad faith being a prerequisite to an award of attorney's fees and costs, and none being found, the motion is denied. There is no indication that Defendant's conduct in seeking sanctions goes beyond "well-intentioned zeal," to bad faith. Veneziano v. Long Island Pipe Fabrication & Supply Corp, 238 F.Supp.2d 683, 694 (D.N.J. 2002).
Conclusion
Defendants' motion for summary judgment is granted. Plaintiff's motion for Rule 37 sanctions is denied. Defendants' cross-motion for sanctions under Section 1927 is denied.
It is so ordered.

According to Plaintiff, "[b]ecause nearly all of the Hoffend employees became Daktronics employees after the acquisition, their knowledge became Daktronics' knowledge-including the knowledge of the '485 patent and its relationship to the Vortek." Plaintiff submits that, "a reasonable jury could conclude that Daktronics developed further substantive knowledge through any due diligence review of the acquisition...." Pl. Opp. at 17.

The 2011 email, from Greg Smock at Schwegman to Brett Wendler at Daktronics, reads, in substantial part: "I reviewed the first Office Action on this hoist-related patent matter. On first glance, it appears that the only piece of art being used by the [USPTO] to reject DAK's patent claims is not prior art ... In short, SLW can appropriately respond to the US Patent Office, without requiring any work on DAK's end." Dkt. 204, Ex. B at 2.

The 2014 email, from Michael Mischnick to Brett Wendler, reads, in substantial part, "I have dug in a little deeper in to the Office Action for [its patent application]." Mr. Mischnick then writes, "I believe we can make a relatively easy response based on the fact that the references that are being cited by the Office Action technically are not prior art ... [which] means the references [to the '485 Patent ] cannot legally be used against us." Dkt. 204, Ex. C at 2.